THOMAS J. STALLINGS, executor, plaintiff in error, *vs.* WILKINS S. IVEY, administrator, *et al.*, defendants in error.

A sale of land by an administrator *cum testamento annexo*, made under an order of the Court of Ordinary, to pay the debts of the testator, where the estate is insolvent, discharges the land of the lien of the vendor for the unpaid purchase money, and the creditor must look to the proceeds in the hands of the representative of the estate.

Administrator's Sale. Vendor's lien. Before Judge DAVIS. Walton Superior Court. February Term, 1871.

Wilkins S. Ivey, as administrator *cum testamento annexo*, upon the estate of Mitchell Connor, deceased, filed his bill against the heirs and creditors, for the purpose of marshaling the assets. Upon this bill an issue was formed, as to whether

a certain tract of land, sold by the complainant, was subject to a vendor's lien, in favor of Thomas J. and A. J. Stallings, as executors of William Stallings, deceased.

The evidence made the following case: In 1858, Thomas J. and A. J. Stallings, as such executors, sold said land to Mitchell Connor, taking his note for the purchase money. Judgment was obtained on this note at the February Term, 1861, of Walton Superior Court. After Connor's death, application was made to the Court of Ordinary, by complainant, for leave to sell the lands of the deceased, for the purpose of paying debts and the expenses of administration. Leave was granted, and on November 6th, 1866, the sale was made, and Emily Connor, the widow of deceased, became the purchaser of the land sold to deceased by the executors of Stallings. Thomas J. Stallings read the following notice before said property was bid off:

" GEORGIA—WALTON COUNTY.

"*To Wilkins S. Ivey, administrator of Mitchell Connor, deceased.*

"You are hereby notified that we, (?) A. J. Stallings, executor of William Stallings, deceased, hold an execution against the said Mitchell Connor and Ganaway Durden, issued from the Superior Court for said county, and any sale made by you of the property in your hands, as said administrator, or any part thereof, will be made at your risk, as we shall hold the same subject to said *fi. fa.*

"And notice is hereby given, that any purchaser of said property, purchases at his own risk, as we shall hold said property liable to pay said *fi. fa.*, and shall proceed to have the same executed, as soon as we shall be allowed by law to do so. Nov. 6, 1866. (Signed)

" T. J. STALLINGS."

Verbal notice of a similar character was also given to the people in attendance upon the sale. Whether anything was said about the consideration of the judgment being the land about to be sold, the evidence was conflicting. Connor's estate was shown to be insolvent.

Stallings *vs.* Ivey.

The Court charged the jury, in substance, that a purchaser under the above statement of facts, held the land subject to the vendor's lien, for the unpaid purchase money.

The jury returned a verdict in accordance with said charge.

The complainant and the defendant, Emily Connor, moved for a new trial, upon the ground of error in the aforesaid charge. A new trial was granted, and Thomas J. Stallings, executor, excepted.

BILLUPS & BROBSTON; J. J. FLOYD, for plaintiff in error.

WALKER & McDANIEL; CLARK & PACE, for defendants.

TRIPPE, Judge.

It is not necessary, under the decision we pronounce in this case, to determine the point whether the plaintiff in error could properly assert his claim of vendor's lien against the land in the hands of Mrs. Connor, the widow and purchaser at administrator's sale, on a bill filed by the administrator to marshal the assets of the estate. If the sale by the administrator displaced the lien of Stallings, the vendor, the judgment of the Court below granting the new trial was right. We hold that the sale by the administrator in this case, it being made under an order of the Court of Ordinary for the payment of debts, and the estate insolvent, discharged the land of the lien of the vendor for the purchase money.

In the case of *Sims vs. Ferrill,* 45 *Georgia,* 585, and *Carhart et al. vs. Vann,* 46 *Georgia,* 389, it was decided that where an estate is insolvent, and land is sold by the administrator or executor in the manner prescribed by law, such sale divests the lien of judgments obtained in the lifetime of the testator or intestate, and the creditor must look to the proceeds in the hands of the representative of the estate. The reasons assigned in *Carhart vs. Vann* for such a decision apply with equal force to the case of a vendor's lien. There are certain classes of debts or claims against estates which rank, in priority, the vendor's lien, as well as the lien of judgments.

Funeral expenses, expenses of administration, a provision for the support of the family, (see *Cole vs. Elfe,* 23 *Georgia,* 235; 38 *Georgia,* 264; Acts of 1838 and 1850; section 2530 of the Code,) and taxes, are all to be paid before any other claim. In *Clements vs. Bostwick et al.,* 38 *Georgia,* 1, it was held that the fact of a vendor having a claim for unpaid purchase money, where title had vested in the husband, would not bar the widow's right to dower in such land. Sections 1760 and 1761 of the Code allow a widow, with the assent of the executor or administrator, to elect a life estate in one-third of the proceeds of the sale of the land of her husband's estate; or, with the approval of the Ordinary, an absolute estate in such an amount of money as the commissioners may assign, and which amount shall be paid in *preference to all other claims,* out of the proceeds of the land. It was decided in *Webb vs. Robinson et al.,* 14 *Georgia,* 216, that creditors who become such without notice of a vendor's lien are protected against such lien.

This array of debts or claims which have a priority over the vendor's lien, as well as over judgment liens, shows the necessity, as was stated in the case of *Carhart et al. vs. Vann, ut supra,* in relation to the lien of judgments, "of allowing the administrator or executor to divest *vendor's liens* by sale of the decedent's property to pay the debts of the estate. Otherwise, the practical effect would be to give the *vendor's lien* priority over the classes hereinbefore named, for property would bring little or nothing at administrator's sales, if liable to be afterward levied on and sold," under a decree for the enforcement of the vendor's lien.

Another serious difficulty would exist if a contrary rule were held—a difficulty that would bar the whole policy of the law as to administrator's sales. A vendor's lien can only be asserted in equity. Such a creditor would be compelled to wait twelve months from the time of granting administration to commence suit. Then a suit in equity would be necessary. A decree would be required and a sale had under that decree. In the meantime the representative of the estate could do noth-

ing towards making a sale, however urgent the necessity might be to discharge those claims or debts which at last would be first paid, but which would be compelled to be brought into the suit in equity, so as to be protected by the decree of the Court in such a suit. Thus, in cases of debts of unquestioned priority, there would practically be a bill to marshal assets, with greatly increased expenses, and a delay seriously postponing those who so properly are the first objects of the law's bounty and protecting care.

We can see no necessity for requiring such proceedings to be had, no principle demanding it, and no danger to the rights of a creditor having such a lien, under the decision we make. The administrator is a sworn officer or agent, acting under the judgment of a Court, with as well defined a line of duty pointed out by the law, as the sheriff or any other officer would have, and the rights of all parties in such cases could, with equal safety and a more speedy enjoyment, be secured in his hands.

Judgment affirmed.