DeGive vs. Lewis.

John T. Glenn, solicitor general, for the state.

---

Lawrent DeGive, plaintiff in error, vs. James T. Lewis, defendant in error.

A, holding a mortgage upon a certain city lot, as the property of B, com-menced proceedings to foreclose it, which B was resisting on the ground that the debt was not so much as A claimed. Pending this, the lot was levied on under another *fi. fa.* against B, which *fi. fa.* A purchased, and was proceeding to sell the lot under the same. Before the sale it was agreed between A and B that B should make the land bring a certain price at the sale, but that he need not pay the money to the sheriff, but might hold it until the controversy as to the amount due on the mortgage debt was ascertained ; and A, accordingly bid for the land the sum fixed, and it was, after other bids, bought by him at the sale :

*Held,* that A cannot proceed to foreclose his mortgage, or to try the issue in that case as to the amount due. But that under the agreement the issue is transferred to the tribunal distributing the, proceeds of the sale, with such parties to it as are interested in the fund, A occupying in that issue precisely the *status* as to the existence and amount of his debt, that he occupied at the time of the sale.

Mortgage. Practice in the Superior Court. Before Judge Hopkins. Fulton Superior Court. October Term, 1873.

DeGive instituted proceedings against Lewis to foreclose a mortgage on certain real estate in the city of Atlanta, exe-.

DeGive *vs.* Lewis.

cuted to secure the payment of a promissory note dated September 23d, 1862, payable one year after the ratification of a treaty of peace between the United States and the Confederate States of America, for $3,400 00. The defendant pleaded the scaling ordinance of 1865, and payment of $500 00, "and perhaps more." Pending this litigation, the mortgaged property was levied on under an execution based upon a judgment obtained on a mechanic's lien, in favor of Mayson & Moore against Lewis for about $360 00. DeGive purchased this *fi. fa.* on December 10th, 1869. Lewis was seeking to postpone any sale of the property, and succeeded in so doing until July 5th, 1870. His attorney threatened, while the property was advertised for that sale, to interpose some obstacle, when the following agreement was entered into: DeGive contracted to make the property bring $5,000 00, provided he should not be compelled to pay the money to the sheriff, but might hold it until the controversy as to the amount due on the mortgage should be determined. In consideration of which Lewis agreed to let the property go to sale.

DeGive bid the $5,000 00, and the property was eventually knocked off to him at $5,525 00. The sheriff accordingly executed a conveyance, and placed him in possession. There were outstanding executions against Lewis, junior to the mortgage, but older than the Mayson & Moore *fi. fa.*

Subsequent to the aforesaid sale, at the October term, 1873, of Fulton superior court, the proceedings on the foreclosure came on for trial, when, substantially, the preceding facts appeared in evidence. Counsel for the plaintiff stated, in his opening argument, that he did not ask or wish a foreclosure of the mortgage, and waived such a judgment, that he simply wished the amount due to be determined. Counsel for defendant moved to dismiss the proceedings on this ground. The motion was sustained, and plaintiff excepted.

D. F. & W. R. HAMMOND; P. L. MYNATT, for plaintiff in error.

L. E. BLECKLEY; A. W. HAMMOND & SON, for defendant.

1st. When the plaintiff waived the judgment applicable to his pleadings, he waived his case out of court: Ragan & Key vs. Echols, 5 Ga., 71; Smith vs. Eason, 46 *Ibid.*, 316.

2d. Nature and effect of the proper judgment on petition to foreclose mortgage: Butt vs. Mattox, 7 Ga., 499, 500; Wallace vs. Holley, 13 *Ibid.*, 393, 394; Code, section 3968.

3d. A judgment not foreclosing the mortgage, but merely fixing the amount of the debt, would, if rendered in this proceeding, have no lien on anything whatsoever, and could not enforce nor give effect to the *mortgage* lien. It would be a useless judgment, and courts do not render such: 19 Ga., 559.

McCAY, Judge.

Under the facts of this case, as they appear in the record, even as the plaintiff in error claims them, we think there was no error in the ruling of the court. The statutory proceeding to foreclose a mortgage upon real estate depends for its basis on the lien of the mortgage on the realty involved. It is this which gives the court jurisdiction, and no personal service is required upon the mortgagor by an officer. Service may be by publication, and the proceeding may be instituted and progress, to its final execution, though the mortgagor live out of the state. The *locus* of the land gives jurisdiction, and the only judgment the court can pass is that the land shall be sold to satisfy the debt. No other property can be levied on: Code, section 3962.

When the bargain was made and acted on, under which DeGive became the owner of the land, his claim was transferred from the land to the fund in his hands, and in our judgment the amount due on the mortgage was necessarily to be decided by the tribunal, to which the execution selling the land was returnable, and decided under such rules, and between such parties, as is usual in cases of the distribution of a fund raised under an execution. By the very terms of the bargain it was left unsettled what was the amount due on the

mortgage, and the issue upon that question was to be an issue in which not only DeGive and Lewis, but the judgment creditors of Lewis had an interest, and were to be parties. Under the agreement, DeGive was to hold the money in his own hands, subject to the issue agreed upon.

We are of the opinion that the existence and the lien of the mortgage in that issue are to depend on the *status* of the mortgage at the time of the sale. In other words, whatever was then legally due on the mortgage was to be a charge on the fund, so far as Lewis was concerned ; and as to the other creditors, their rights depend upon whether, at that time, their lien was superior to the mortgage. This, we think, was the necessary result, if the bargain was as the plaintiff contends, As, however, it may be that the facts may not be found, as he contends, we think he ought not to be hurt by the dismissal of his present proceeding, and we shall direct that nothing in the judgment of dismissal shall prejudice DeGive in the issues arising in the distribution of the fund. He stands there with such rights as he had at the time of the sale.

Judgment affirmed.