Samantha A. Carlton, plaintiff in error, *vs.* James M. Davant *et al.*, executors, defendants in error.

Geo. R. Carlton, plaintiff in error, *vs.* James M. Davant *et al.*, executors, defendants in error.

The lien of a judgment upon the lands of the intestate, obtained in his life-time, is not discharged until the lands are fully administered by actual sale. Up to the sale, the sheriff may levy, and if he levy before the sale, though on the day of sale, and the administrator and

purchaser have notice thereof, the purchaser buys subject to the lien, and the land is still subject to the judgment.

Administrators and Executors. Levy and Sale. Judgments. Before Judge BARTLETT. Greene Superior Court. September Term, 1876.

Reported in the opinion.

P. B. ROBINSON, for plaintiffs in error.

REESE & REESE, for defendants.

JACKSON, Judge.

These were two claim cases involving the same question of law, and argued together by agreement. The facts were, that the administrator of Travis C. Carlton, procured from the ordinary leave to sell lands of the deceased, and advertised the sale ; but, on the day of sale, and before the sale, the lands were levied upon by the sheriff under a judgment and *fi. fa.* of Davant, obtained against the intestate. The administrator proceeded to sell, notwithstanding the levy and notice thereof, and the claimants bought with full notice of the levy. The single question is, whether the sale, with this notice of levy, divested the title in the estate and vested it in the claimants discharged of the lien of the judgment.

There can be no doubt that if the sale had been completed before levy, the title would have passed, and the lien of the judgment upon the lands would have been lost, and that the plaintiff in judgment must thenceforth have looked to the money in the hands of the administrator for payment—45 *Ga.*, 585 ; 46 *Ga.*, 389 ; 49 *Ga.*, 274. But the principle which underlies those cases is probably this : that the estate in the property sold had been fully administered by the lawful custodian of it, the administrator, before the final process of the superior court, the *fi. fa.*, had interfered by levy ; and that consists with the idea that the sheriff, with that process, could interfere up to the time when the title

passed out of the estate by the sale to another. If there had been no administration, the sheriff could have sold the dead man's land, or, to speak more accurately, that which was his land before death—11 *Ga.*, 425 ; did the act of administering upon his estate stop the final process of the court? We cannot think so. The practice has been otherwise, so far as is known to us, and we ought to be slow to interfere with the long established usage of our circuit courts. How long, then, shall the sheriff have, after administration, to levy the *fi. fa.* placed in his hands? Shall it be until an application is made to sell the lands, or until it is granted, or until it is advertised? If he be stopped at any of these points, the administrator might not sell, and the judgment creditor might be long delayed. Sometimes, application for leave to sell is made, and leave obtained, and yet no sale made for months ; must the judgment creditor wait all this time? Sometimes the sale is postponed from month to month, after advertisement ; must the creditor still wait upon the administrator? We think not.

Therefore, we think that the sheriff may levy up to the moment that the title passes out of the administrator into the purchaser; then the title of the estate is divested, and good title, free of lien, passes into the purchaser; but if the sheriff levy before the title passes by sale, the purchaser takes his title subject to the lien of the judgment which has been levied, and of which he has notice.

Nor can any great harm result to the estate. If there be any superior lien in the hands of third persons, that lien will take the money when raised by the sheriff, on a rule to distribute ; and if the administrator himself has a superior claim, such as costs of administration, or funeral expenses, he would be entitled to enough of the fund on such rule against the sheriff. Or, in a case of any consequence, complication, or question of magnitude, the administrator could file his bill to marshal the assets, and in the meantime enjoin the *fi. fa.* from proceeding.

We think this the better ruling, too, because the judg-

ment creditor ought not to be delayed in making his money out of the intestate's estate, unless for some good reason; he can levy and sell in thirty days; it would take the administrator a great deal longer, even if he wished to make the money as soon as he could.

The point is not altogether free from difficulty; but we think that, in principle as well as from what we understand ever to have been the practice, the ruling of the court below was right in holding that the lien of the judgment was not discharged by the sale, when the levy was made before it took place, and when the administrator and purchaser both were notified of it.

Judgment affirmed.