. DAVID A. NEWSOM, administrator, plaintiff in error, *vs.* RICH-
ARD G. CARLTON, administrator, defendant in error.

Regular and fair sale to pay the debts of the intestate, under an order
of the court of ordinary, of the property of intestate, as it divests
the lien of judgments on the property and transfers such lien to the
proceeds of the sale in the hands of the administrator, so also will it
divest the lien of mortgages from the mortgaged property and trans-
fer that lien to the fund that property brought. Hence, it is a good
defense by an administrator to the application to foreclose that the
land had been regularly sold to pay debts by the order of the court
of ordinary; the mortgage creditor must pursue the money in the
hands of the administrator, who must pay him out of that money
according to the priority of his mortgage lien.

Administrators and executors. Mortgages. Before Judge
BARTLETT. Greene Superior Court. September Adjourned
Term, 1876.

Reported in the opinion.

E. C. KINNEBREW, by Z. D. HARRISON, for plaintiff in error

No appearance for defendant.

JACKSON, Judge.

Newsom administered upon the estate of John T. Carlton,
having married his widow, and her letters having abated.
Among the effects of his intestate there was a mortgage
on Travis C. Carlton's land. Travis C. was dead, and
Richard G. Carlton was the administrator on his estate.
Newsom instituted suit to foreclose the mortgage. Carlton,
administrator, defended the suit. The jury found for the
defendant, and Newsom moved for a new trial. This mo-
tion was overruled, and Newsom excepted.

It appears from the record that the mortgage sought to
be foreclosed was dated the 3d of January, 1866, and the
plaintiff proposed to show by Mrs. Newsom that it was ex-
ecuted on the 1st of January, 1866. The court rejected the

evidence. The same thing was then proposed to be proven by Mrs. Carlton, the widow of Travis C. Carlton, by a conversation between her husband, when in life, and Richard G. Carlton, his administrator. This was also rejected. It further appears from the record that the estate of Travis C. Carlton, including the mortgaged property, had been fully administered before the petition and rule *nisi* to foreclose was entered in this case.

The motion for a new trial was based upon two grounds, in substance, first, that the court erred in rejecting the proof of the date of the mortgage ; and, secondly, that the verdict were against law and evidence.

In the view which we take of the case, it is unnecessary to consider the question made on the rejection of the evidence. The record discloses the fact that the entire estate, land and other property mortgaged included, was fully administered by the administrator of Travis C. Carlton before the proceedings to foreclose were instituted. The mortgaged property was sold by the administrator, by regular order and judgment of the ordinary, according to law. This divested the lien of the mortgage on the land, and transferred that lien to the fund—the proceeds of the land.

It has been so ruled repeatedly in the case of judgments in general, and we cannot well see any valid distinction which would take mortgage liens out of the rule. As to judgment liens being divested by administrators' sales, see 45 Ga., 585 ; 46 *Ib.,* 389 ; 49 *Ib.,* 274 ; 56 *Ib.,* 444. This land was sold to pay debts.

If Newsom's mortgage has a lien, it is upon the money in the hands of the administrator of Travis C. Carlton, and he can pursue that money, the fruit of the mortgaged property, without foreclosing the mortgage.

By the Code, mortgages are to be paid by the administrator just as judgments are, the only difference being that the priority of the mortgage lien attaches only to the proceeds of the mortgaged property, while the judgment lien attaches to all the proceeds of the estate, in the case of its having

been administered. Section 2533, paragraph 5, enacts that as the fifth rank, judgments, mortgages and other liens created in the lifetime of the deceased are to be paid according to their priority of lien—mortgages and other liens on specific property to be preferred only so far as such property extends. So that it is the duty of the administrator to pay the mortgage without waiting for its foreclosure. The language of the statute is, "judgments, mortgages and other liens;" not mortgage judgments or mortgages foreclosed or after foreclosure. So, as the administrator is bound to pay the mortgage according to its priority, out of the proceeds the property brought when sold, it would seem that the lien is divested from the land and transferred to the fund, and that there is no need of putting the estate to the expense of the foreclosure, the mortgage itself constituting the lien whose priority the administrator must respect and pay.

Hence, after a fair sale, and where the property brought full price, as in this case, so far as the record discloses, it is too late for the mortgagee to go upon the land. The sale by the administrator divested the lien of his mortgage and transferred it to the proceeds in the hands of the administrator. As the administrator in the case at bar simply resisted the foreclosure—as that was the only issue, and could be the only issue—we think that the verdict and judgment for the defendant were right.

If, as is hinted in the evidence or charges of Newsom, the administrator of Travis C. Carlton has acted illegally and fraudulently, in paying the proceeds of this mortgaged property to a mortgage held by himself, which was, in reality, of the same date with Newsom's, and should have shared therefore with it, Newsom has his remedy by going upon the fund in Richard G. Carlton's hands, as administrator, by suit against him; and if he can sustain the charge by competent proof, he can recover his *pro rata* share of the proceeds of the mortgaged property. Our ruling in this case is simply this: that, as the land was regularly and fairly sold by the administrator to pay debts, the purchaser thereof got title free

from mortgage liens; and those liens are transferred to the proceeds of the sale; and therefore the mortgage cannot be foreclosed against land thus administered.

It is true that this court held, in 55 *Ga.*, 607, that an unforeclosed mortgage could not claim money in the sheriff's hands; but that is because the sheriff had no process to collect for that mortgage until he had a *fi. fa.* It was held' also, in 55 Ga., 627, that he had a superior equity before foreclosure, to the fund remaining in the sheriff's hands after paying *fi. fas.*, and could secure that fund by being made a party to the rule. The distinction here is, that the administrator administers the whole property, and the statute requires him to pay mortgages.

In the cases last cited, the ruling is, that, on a naked money rule, the unforeclosed mortgage could not take; but if pleadings in equity are properly made to the rule, the mortgagee would be heard, and his rights and equities, according to the priority of his lien, adjusted equitably. And to this effect is the case of *DeGive vs. Lewis*, 52 *Ga.*, 588.

But, in the case of an administrator's sale, and when the proceeds are in his hands, the Code, sections 2533, directs him to pay the mortgage out of such proceeds. If the statute had directed the sheriff to pay the mortgage, no court could have held that it ought not to have been paid.

Judgment affirmed.