Rhett, trustee, *vs.* The Georgia Land and Cotton Company.

1. A defendant cannot waive the absence of jurisdiction of his person so as to affect the rights of third persons.
2. Notice of the rights of a complainant in respect to land, by reason of the pendency of his bill seeking to trace trust funds, cannot affect a purchaser's title more than if a decree had already been rendered in favor of complainant. If the decree would not have bound the property in the hands of a third person, certainly notice of the pendency of the bill would not.
3. One who buys land at administrator's sale, takes it free from the lien of judgments. The exception where a levy has been made before the sale (58 *Ga.*, 451,) will not include a mere imaginary or constructive levy by reason of the filing of a bill to subject the land.

Jurisdiction. Waiver. Notice. *Lis pendens.* Administrators and executors. Judgment. Lien. Title. Before Judge WRIGHT. Dougherty Superior Court. October Term, 1879.

To the report contained in the decision it is only necessary to add that the decree under which this levy was made, specified that the amount recovered was a charge on the land, and that it be seized and sold to pay the same.

C. B. WOOTEN; B. H. HILL, for plaintiff in error.

D. A. VASON; WARREN & HOBBS, for defendant.

.JACKSON, Justice.

An execution, issued on a decree from Troup superior court, was levied on a tract of land in Dougherty county, and the land was claimed. The execution and decree were in favor of Rhett, as trustee of Mrs. Barnard, against John D. Barnard, administrator on the estate of her deceased husband, to recover large sums due the wife as her separate property from that estate, which the decedent had invested in property in this state, and particularly in this land levied on in this case. The bill on which this decree was based was brought in 1860; and after the bill was brought, but before the decree was rendered, the land was administered and sold as the property of Barnard, the deed having been made to him, and the title, to all appearances, being in him; at this sale, one Wetter bought the land and took possession, and afterwards sold and conveyed it to the claimant; all questions of law and fact were submitted to the judge by agreement of the parties, and he held that the land was not subject, and to this judgment in favor of the claimant the plaintiff in execution excepted, and the question is this: Is this land subject to this decree in behalf of the wife, because her money bought it, notwithstanding the administration of the land, and its regular sale by the administrator, and the purchase thereof at that sale by the grantor of the claimant?

1. Counsel for plaintiff in error put the case upon the doctrine of *lis pendens*, and the notice which, by construction, the purchaser at the administrator's sale had of the equity of the wife in this land bought with her separate estate. No actual notice is pretended to have been given. The facts, too, seem to make it doubtful whether the administrator resided in Troup, where the bill was brought, or in Clark; and though it appears that he consented to the jurisdiction of the chancery court of Troup county, such assent could not bind third persons—14 *Ga.*, 589. There was no jurisdiction of the subject matter in Troup—it being

land in Dougherty county—and the only thing which could give jurisdiction in Troup, was the residence there of defendant, or his waiver of jurisdiction ; and that waiver could not affect this claimant.

2. But be this as it may, it is quite clear that notice by the pendency of the bill in equity could not do more towards subjecting the land than the lien of the decree could, if rendered prior to the sale by the administrator. If the sale by the administrator operated to divest the lien of the decree, even if it had been rendered before the sale, surely constructive notice that the party was trying to obtain a decree, could not prevent the sale from divesting any inchoate lien, or effort to get a future lien. If, then, it be the law that the administrator's sale gave to the purchaser at it a good title over all judgments actually rendered before the sale, even in the lifetime of the intestate, this purchaser got a good title to this land, notwithstanding the fact that he bought it at the sale while the bill to assert the wife's equity and get a decree thereon to subject the land, was pending ; for a decree will not bind the property of the debtor any more than a judgment would bind it.

In 45 *Ga.*, 585, 46 *Ga.*, 389, 49 *Ga.*, 274, and 58 *Ga.*, 451, it is ruled that the purchaser at such sale does get a good title over any judgment lien, especially where the estate is insolvent, even over a judgment obtained in the lifetime of the intestate ; and that the lien is transferred from the property sold to the proceeds in the hands of the administrator. And in 59 *Ga.*, 516, the same rule is applied to the specific lien of a mortgage. So that it seems clear, that even if this were a case where notice from *lis pendens* would apply to this purchaser, who had no actual notice, and bought the land under regular administrator's sale in another county where it was administered, and title regularly conveyed to him, the decree being rendered in a county foreign to the administration of the estate, and where the land is not located, and defendant's residence therein being doubtful, still this regular and fair sale, under an

V 64—33

order of the court of ordinary to sell this land for the purpose of paying the debts and administering the estate of the intestate, gave the purchaser a better title than is the wife's equity, even if the decree had been rendered before the sale.

3. The counsel for plaintiff in error, seeing this result, cited 2 Wallace, 249, and 7 Dana, 110, to show that the bill operated as an equitable levy—with a view to put this case within *Carlton vs. Davant et al., executors*, 58 *Ga.*, 451, where it was held that if the land was levied on at the time of sale the lien would not be divested. But those cases seem to rest on the fact that the bill was brought to subject the property where it was located, to a pre-existing judgment at law—the case in 2 Wallace being a mere reference to 7 Dana. In 58 *Ga.* there was an actual levy—a seizure by the sheriff; and the reasoning there would not consist with a mere constructive or imaginary levy.

On the whole the judgment, we think, is right, and it must be affirmed.