R. E. HARRIS, plaintiff in error *vs.* COLQUIT & BAGGS, defendants in error.

(BY TWO JUDGES.) Parties who appear before the Ordinary to contest the granting of a homestead are concluded by the judgment upon all questions which it is necessary for the applicant to prove, and upon all questions which the statute provides the creditors may make, but they are not concluded upon questions over which the Ordinary has no jurisdiction, unless it appears that they actually made such questions, and that they were in fact decided. 27th February, 1872.

Homestead. Conclusiveness of judgments. Before Judge HARRELL. Terrell Superior Court. November Term, 1871.

Colquit & Baggs, as merchants and factors, furnished to Mr. Harris provisions to enable him to make his crop in 1870, taking a factor's lien upon the crop to be grown. In the fall of 1870 they foreclosed the lien and had the *fi. fa.* levied upon corn and cotton, which were part of said crop. His wife, R. E. Harris, then made application to the Ordi-

nary for setting apart as exempt from her husband's debts, certain personalty, including said corn and cotton. It was by the Ordinary set apart to her, and then she claimed it. Colquit & Baggs were represented by counsel before the Ordinary, and no appeal was taken from his judgment setting the same apart. What questions were made before the Ordinary does not appear. Under these facts it was submitted to the Judge whether the property was subject to the *fi. fa.* He held it was, and that is assigned as error.

Lyon, DeGraffenreid & Irvin; W. G. Parks, for plaintiff in error.

F. M. Harper; R. F. Simmons, by Clark & Goss, for defendants.

McCay, Judge.

The Act of 1868 providing for laying off the homestead, allows any creditor to appear and make certain objections to the proceeding. Literally, the only issue provided for is, upon the estimate of value by the Commissioners. But, in the nature of things, the objector may make a point upon any of the material statements necessary to be made; as residence, that applicant is the head of a family, etc.

We have held, also, that, if an objector does appear and set up that he has such a debt as that the applicant can include certain specific property in his schedule, and the applicant joins issue and the case is tried, this concludes the parties. But this is only when the issue is made and accepted. Either party may object, since this question does not come within any of the provisions of the homestead. The homestead, when set apart, is subject to certain debts, nevertheless, and it is only when, by mutual consent, this question has been actually tried and passed upon by the Ordinary, that the judgment at all affects the right of the creditor to go on.

Harris *vs.* Collquit & Baggs.

The judgment concludes on all the facts necessary to appear before the Court can give a judgment. But the title to the land, and whether, notwithstanding the judgment setting aside the homestead, the debt of the objector may not still, levy on it, is not an issue in the case, unless the parties actually make it, and it is decided. In that case, the parties have by mutual consent waived the objection to the jurisdiction and a judgment binds them.

It does not appear that the plaintiff in this *fi. fa.* made any such objection. The presumption is that he only made the issues provided for by the statute, or necessary to appear before the homestead could be adjudged to be proper.

Whether after the homestead is laid off it is subject to the plaintiff's debt, is an independent question, and the laying off of the homestead does not decide it.

Judgment affirmed.