Bowen *vs.* Bowen.

---

THOMAS. O. BOWEN, plaintiff in error, *vs.* MARY BOWEN, defendant in error.

1. The system of homestead and exemption provided for by the constitution is voluntary, not compulsory; and the laws enacted for the setting apart and valuation thereof should be so construed as to harmonize with the voluntary character of the constitutional system.

2. Therefore, section 2022 of the Code, which enacts that "should the husband refuse to apply for the aforesaid exemption, his wife, or any person acting as her next friend, may do the same, and it shall be as binding as if done by the husband," should not be construed to mean that if the husband not only refuses to apply himself for homestead, but solemnly objects on record as a party defendant, to his wife's doing so, that then the application shall be granted and the homestead carved out of his individual property over the objection so made by him.

3. No man's property can be set aside as homestead and exemption without his consent, express or implied; if his wife, or some one as her next friend, apply and he fails to interpose objection by plea, his assent will be implied; but if he he does interpose objection by plea, the presumption is rebutted, and the homestead cannot be set apart out of his property. The distinction is clear between his refusal to apply himself, and his objecting to another applying in behalf of his family; and the statute will be construed to mean that though he refuse to act, his wife's application will be granted unless he object by plea; then it will be refused.

Homestead. Laws. Husband and wife. Before Judge BARTLETT. Jones Superior Court. October Term, 1874.

Report unnecessary.

POE, HALL & LOFTON, for plaintiff in error.

ISAAC HARDEMAN, by brief, for defendant.

JACKSON, Judge.

The single question made in the record in this case is, can a man's own individual property be set apart as homestead and exemption from his debts without his consent? We think that it cannot be done under the constitution and laws of this state, and our reasons for so holding are sufficiently set out in the syllabus furnished the reporter for publication. We merely remark here that under the old exemption laws, enacted in 1841, a question somewhat analogous to that at bar came before this court, and it was held that the legislature had no constitutional power to take from a man any portion of his property *without his consent;* and that to take it from the payment of his debts is to take it from him: *Davenport et al. vs. Alston,* 14 *Georgia,* 274. Our constitution of 1868 does not enlarge the scope of legislative power in this particular, so as to authorize the legislature to take away a man's property without his consent; on the contrary, the system of homestead and exemption therein authorized is voluntary, not compulsory. Each head of a family *shall be entitled* to the homestead and exemption; or the guardian or trustee of minor children *shall be entitled* to such homestead and exemption—evidently supposing their assent thereto, either express or implied. The assent of the father will be implied if he do not object, though he may refuse to act himself, and his wife act for the family; but if he object by plea, as in this case, his objection must prevail against the application. There is a distinction—clear, we think—between his refusal to act himself and his objecting to his wife's acting for

the family. And we construe the act which authorizes the wife to act in case the husband *refuses*, to mean, where the husband simply declines to make application, and cannot extend it to cases where he objects on record, by defense, to the wife or any one else applying, if the property be his. Of course, if the property belong to the wife or the children, or to both, the husband and father could not object, nor would his consent be necessary to secure the homestead and exemption out of such property: See Code, sections 2022, 2018.

Judgment reversed.