John H. Newton, plaintiff in error, *vs.* Jane P. Summey *et al.*, defendants in error.

By taking homestead in land, the estate of the debtor is not enlarged, nor is any lien or claim divested which is superior to the homestead right.  Hence, injunction against proceedings by the debtor's wife to

have a homestead laid off and assigned out of premises belonging to a partnership of which her husband is a member, will not be granted at the instance of another member of the firm, on the ground that the property is partnership assets and needed for the discharge of partnership liabilities. The property will be no less subject to those liabilities after the homestead is taken than it was before, if for any reason they are superior to the homestead right, and if they are not superior to it, the exercise of the right ought not to be, and cannot be, enjoined.

Injunction. Homestead. Partnership. Before Judge Rice. At Chambers. Clarke County. August 16, 1877.

Sufficiently reported in the opinion.

L. & H. Cobb, for plaintiff in error.

S. P. Thurmond, by brief, for defendants.

Bleckley, Judge.

In 1875, one of the members of a firm, being indebted to the partnership, conveyed to the firm certain real estate. He then gave his note, payable to the firm, one day after date, for the same amount as his previous indebtedness, but purporting on the face of the instrument to be for the purchase money of this property. The firm, at the same time, gave him a bond for titles, the bond reciting a contract to convey on the payment of the note, and being conditioned accordingly. In 1877, the wife of this partner applied for homestead in one undivided half of the premises. Pending the application, the co-partner filed his bill, and prayed, among other things, for injunction to restrain the setting apart of homestead, on the ground that the partnership was deeply in debt, that none of the note had been paid, that the maker was insolvent, that the firm assets were insufficient to discharge the partnership liabilities, that these liabilities were being pressed by creditors, that the complainant's individual means had, to some extent, been already applied to the satisfaction of firm debts, and were in danger of being

still further encroached upon, and that the premises in question were first liable in equity, being a part of the partnership assets. The bill alleged that the husband had been requested to object to the homestead proceedings, and had refused to do so. The injunction was denied ; and it is that ruling only which is here for review. In so far as the bill seeks to settle up the partnership affairs, and to bring in this property by decree for application to the debts of the partnership, the case is not now before us. We think it certain that there is no power to grant any injunction which would enable the complainant to obtain a broader decree than he can obtain without it. If the homestead right would prevail over the rights of firm creditors, and over the right of the complainant as a member of the firm, no obstacle should be interposed, by injunction or otherwise, to the due laying off and assignment of the homestead. On the other hand, if the homestead be inferior to these claims, no injunction is needed, for, as the applicant for homestead is a party to the bill, she will be bound by the decree, whatever it may be. It has been often ruled by this court, in effect, that in the assignment of a homestead there is no magic by which superior liens are thrown off, or deficient titles are made perfect. Those whose claims outrank the homestead, may stay out of the ordinary's court, and nothing there done will be in their way. 39 *Ga.*, 386 ; 43 *Ib.*, 589 ; 44 *Ib.*, 14, 663 ; 47 *Ib.*, 452 ; 49 *Ib.*, 380 ; 50 *Ib.*, 81, 626 ; 51 *Ib.*, 460 ; 53 *Ib.*, 485 ; 52 *Ib.*, 605 ; 54 *Ib.*, 551, (also, *obiter* at close of opinion on p. 533) ; 55 *Ib.*, 579 ; 56 *Ib.*, 559 ; 57 *Ib.*, 601.

Most of the learned and able argument made before us by the counsel for the complainant, will have its application at a later stage of the case, but under the view we take of the matter, is premature whilst the point for decision is only the granting or refusing of an *ad interim* injunction. He cited Code, §§ 1903, 3177 ; Story on Part., §§ 172, 173, 174, 232, 233, 218, 221, 222, 212, 224, 229, 478, 479, 329, 332 ; 10 Barbour, 447 ; 2 La. An., 87 ; 23 Ala., 524 ; High on Inj., §§ 810, 816 ; Story on Part., § 349 ; *Ib.*, § 97, *note ; Ib.*,

§§ 326, 328, 407; Story's Eq., §§ 675, 676; Col. on Part., §§ 125, 126, 127; 1 Sum., 173; Lindley on Part., 577, *et seq.;* Story on Part., § 326, *note ; Ib.,* §§ 97, 98; Parsons on Part., §§ 235, 236; 6 Vesey, 119; 10 *Ib.,* 349; 11 *Ib.,* 5; 23 N. J., 247; 15 Gratt., 36; 3 Jones Eq., 440; Gow on Part., 51; 16 B. Monroe, 63; 7 Humph., 204; 4 B. Monroe, 488; 10 Leigh, 406; Coll., on Part., § 135; 5 Metcalf, 562, 582; 24 Ala., 37; 21 *Ib.,* 437; 11 Fla., 124; 49 Me., 108; 7 Conn., 11; 10 Cush., 458; 9 Mass., 107; 1 Dev. Eq., 103; Story on Part., §§ 91 to 94, 98; 55 *Ga.,* 182; 67 N. C., 140; Code, §§ 2002, 2039; 1 B'krupt Reg., 147; 6 *Ib.,* 400; 9 *Ib* , 270; 10 *Ib.,* 145; 12 *Ib.,* 49; 13 *Ib.,* 295; 101 Mass., 105; 9. Kan., 30; 44 Penn. St., 442; 27 Cal., 418; 5 *Ib.,* 244; 6 *Ib.,* 165, 417, 565; 32 *Ib.,* 481; 17 N. J., Eq., 389; 57 *Ga.,* 229; 24 *Ib.,* 625.

Counsel for defendants cited Code, § 1954; 34 *Ga.,* 279; 9 *Ib.,* 156; 1 *Ib.,* 193; 26 *Ib.,* 202; 10 *Ib.,* 66; 47 *Ib.,* 59; 4 Kent. Com., 141; 5 Mass., 109; 8 *Ib.,* 159; 5 Binney, 499; 2 Cowen, 246; 1 Wash. R., 125; 9 Wheat., 489; 5 Gill & Johns., 75; 49 *Ga.,* 589; 39 *Ib.,* 386; Code, § 2002; 47 *Ga.,* 229; 19 *Ib.,* 14; 53 *Ib.,* 485; *West vs. Bennett,* this term.

Judgment affirmed.