WILLIAMS *vs*. ENGLISH.

1. Sayings of one party in the absence of the other, tending to establish his version of the contract, and which form no part of the *res gestæ*, are not admissible in his own behalf.
2. Where the bill set up a parol sale of land by defendant to complainant, which the answer denied, alleging that complainant was wrongfully in possession of defendant's land, and asking the writ of possession, a verdict for the defendant, directing that the writ issue, covers all the questions made.

Evidence.    Verdict.    Before Judge CRISP.    Macon Superior Court.    December Term, 1879.

Williams filed his bill against English, alleging, in brief, as follows : Allen Williams, the father of complainant, died on January 29th, 1867, seized of a certain described lot. After his death his widow, Annie Williams, remained in possession. In February, 1874, the lot was sold at sheriff's sale, and English, who was the son-in-law of Mrs. Williams, bought it. He threatened to dispossess her unless she paid him $147.00, the amount paid by him. This she was unable to do, and complainant, who was her son, in order to secure a home for her for life and for himself after her death, contracted with defendant in parol to take the lot at $147.00. One hundred dollars was paid, and no definite time fixed for the payment of the balance. He moved on to the place and took possession with his mother. Subsequently all of the purchase money was paid, except $9.50, which complainant is ready and anxious to pay ; but Mrs. Williams having died, defendant refuses to receive it, and threatens to sell to other parties. The object of the bill was to compel specific performance.

Defendant filed his answer in the nature of a cross-bill. He admitted that Allen Williams died, leaving his widow in possession of the lot. As to the other facts the cross-bill gives the following account : Williams was in debt before his death, and his family were left in needy circum-

stances. Prior to his death defendant had loaned him $90.00, and after his death defendant stood security for Mrs. Williams and complainant to enable them to obtain the necessaries of life. This debt he had to pay. His only chance of repayment was from the crop planted on this place. Before it was gathered the land was levied on, and he bought it at $147.00. He never threatened to dispossess Mrs. Williams. On the contrary he informed her that he only bought it to secure himself, that she could remain on the premises as long as she lived, and that if she could repay him what he had paid for the place, together with what the estate owed him and what he had paid on the security debt, he would make her a deed. He denied ever making any contract or trade with complainant or that the latter obtained possession with his knowledge or consent. It is true that complainant handed him $100.00 (which was all that had been paid) but it was paid for Mrs. Williams and as her money, and the use of the property was worth more than that amount.

The cross-bill prayed for delivery of possession.

Under the cross-bill, Greer, administrator of Mrs. Williams, was made a party.

Complainant answered the cross-bill denying all the material allegations.

The jury found for defendant and that the writ of possession issue in his favor against complainant. Complainant moved for a new trial, which was refused, and he excepted.

For the other facts see the decision.

J. R. WORRILL, for plaintiff in error.

W. H. FISH; T. P. LLOYD; B. P. HOLLIS, for defendant.

JACKSON, Justice.

Fort Williams filed a bill against English to compel the specific performance of a contract for the sale of a piece of

land, of which complainant was in possession. The jury, on the hearing, found for the defendant and the court decreed accordingly, and the answer in the nature of a cross-bill asking it, having been filed, it was further decreed that defendant be put in possession of the land. The contract set up in the bill rested entirely on parol evidence, there being no scrape of a pen about it, and the evidence being conflicting, very conflicting, we have no power legally to set aside the verdict and overrule the presiding judge who sustained it, unless the court committed some error of law complained of in the motion for a new trial.

Only two errors are assigned in addition to the ground that the court erred in overruling the motion because the verdict is contrary to law and the weight of evidence, the second ground not being certified to be true.

1. The first is that the court should have admitted the sayings of complainant when he alleges that he sold a mule to one Smith to get one hundred dollars to pay on the land, the defendant not being present. The testimony was inadmissible, being the sayings of one party to a stranger to the suit in the absence of the other party, and no part of the *res gestæ* in this case, to-wit, the transaction between complainant and defendant. Besides, there was other evidence that the mule was sold for the purpose, and nothing in conflict therewith ; and the presumption, from the facts in the case, is that Mrs. Williams paid complainant for it, as his brother, who paid defendant the said $100.00, took back an agreement or bond to make titles to Mrs. Williams by the defendant, and not to make them to the complainant. The complainant was not hurt by not getting in this hearsay testimony.

2. The other ground is that the verdict does not cover all the issues made by the pleadings. It does cover all. The only issues made are between complainant and defendant, Greer, the administrator of Mrs. Williams, making none whatever. The bill of complainant and answer in the nature of a cross-bill of defendant, make the only issues. The

bill asserts a parol contract for the sale of the land by defendant to complainant; the answer denies it flatly, and avers that complainant is in possession of defendant's land wrongfully, and without the slightest title or agreement to make title of any sort to complainant, and prays a decree for a writ of possession—alleging that defendant did agree to convey the land to Mrs. Williams, complainant's mother and defendant's mother-in-law, when she paid him certain sums, which she had not paid, except the $100.00, and that this sum of $100.00 did not even pay the value of the rent of the land which defendant allowed her to occupy till her death.

These issues are all that the pleadings make, the verdict for defendant covers them fully, and the decree thereon is right.

Judgment affirmed.