## SMITH *et al. v.* SMITH.

1. A judgment of the ordinary approving a return made by appraisers setting apart specified realty as a year's support did not, as against third persons claiming title to the property, but who had not filed with the ordinary any objection to the allowance of such return, adjudicate that the title was in the estate of the applicant's deceased husband.
2. The mere fact that such third persons entered an appeal to the superior court from the ordinary's judgment and afterwards voluntarily dismissed the appeal, did not render that judgment binding upon them. The appeal under such circumstances, the appellants never having been parties below, was a mere nullity, and the dismissal of it in the superior court in no way affected the question of title.
3. Where pending such appeal a receiver was, upon an equitable petition filed by the widow against the appellants, appointed to take possession of the property, it was error, after and because of the dismissal of the appeal, to render in the equity case at its trial term a final decree in effect adjudging that the title to the property was in the estate of the intestate, and peremptorily directing the receiver to put the widow in possession and pay her the accrued rents, less the costs of the pending proceeding, the defendants having filed an answer setting up title in themselves, and being by such decree deprived of any hearing as to their alleged rights in the premises.
4. While it would have been the right of the plaintiff to dismiss the equitable petition, she was certainly not entitled to any such decree as that above indicated.

Argued April 20, — Decided May 21, 1897.

Equitable petition. Before Judge Butt. Muscogee superior court. May term, 1896.

*Blandford & Grimes*, for plaintiffs in error.
*Brannon, Hatcher & Martin*, contra.

COBB, J. Sophronia Smith, as the widow of William Smith, applied to the ordinary for a year's support, which was set apart to her in a city lot. No objection was filed by any one to the return of the appraisers, and it was recorded as required by law. After this, three other Smiths, alleging themselves to be the children and heirs at law of William Smith, and who were in possession of the lot, entered what purported to be an appeal to the superior court. Sophronia Smith then brought her petition praying for the appointment of a receiver to take charge of the property, alleging that there was no administration on the estate of William Smith, and no necessity for any; that upon his death the three other Smiths, being over thirty

years of age and being children of the decedent by a former marriage, took possession of the property, and refused to permit plaintiff to enter thereon; that they were insolvent; and that their only reason for entering an appeal from the judgment of the ordinary was to delay plaintiff in obtaining possession and enjoyment of her year's support. In their answer the defendants alleged that they were in possession under a title derived through a gift from their deceased father, made more than seven years before his death. A receiver was appointed to take charge of the property pending the litigation. When the case came on for a final hearing, it appeared that the defendants had voluntarily dismissed their appeal from the judgment of the court of ordinary, and the plaintiff moved for a decree that the receiver turn over to her the house and lot and the accrued rentals, less the cost of this proceeding, as her year's support under the judgment of the ordinary, and that the petition abate and be dismissed. The court granted the decree moved for, and the defendants excepted.

1. When the ordinary records the return made by appraisers, which sets apart property as a year's support, such record operates as a judgment upon all questions which were properly before the ordinary in such a proceeding. If no question is raised by objection filed as to the title and ownership of the property which is embraced in the report of the appraisers, such judgment does not conclude persons who are not parties to the proceeding from claiming the property adversely to the applicant for the year's support. If the question of title is directly raised by objections being filed, and a decision is rendered by the ordinary on the question thus raised, it seems that the person filing such objection and raising such question would be concluded by the judgment, but no one else would. No one interested in the property adversely to the estate of the deceased is compelled to go into the court of ordinary and interpose an objection of this character; but if they do, they are bound by the adjudication of the ordinary on the question. *Harris* v. *Colquitt*, 44 *Ga.* 663; *Newton* v. *Summey*, 59 *Ga.* 397–9; *Robson* v. *Harris*, 82 *Ga.* 153.

2. The three Smiths who entered the appeal to the superior

court after the ordinary had recorded the return of the appraisers were not concluded by the judgment of the ordinary as to the title to the property, except so far as their rights as heirs at law of William Smith were concerned. Their failure to object to the setting apart of the year's support deprived them of the right to claim the property as heirs at law; but, as they made no appearance in the court of ordinary, and set up no title adverse to the estate of the deceased, there has been no judgment on such a claim. The fact that they entered what purported to be an appeal does not affect their rights to claim the property under an independent title. No objections having been filed to the return of the appraisers before it was recorded, there was nothing to appeal from. The appeal was a nullity, and was properly abandoned and dismissed as such.

3. The defendants in their answer having set up a title adverse to the estate of William Smith, the court had no power to enter a judgment that the receiver place the plaintiff in possession of the property, and pay over to her the balance of the rent which he had collected, after paying the costs of the proceeding. This was, in effect, a final decree in the case, which ignored the answer of the defendants, and deprived them of the right to be heard on their claim of title set up therein.

4. The plaintiff in an equitable petition, even where a receiver has been appointed, has the undoubted right to dismiss the case at any time, but the effect of such dismissal can not be made by any proper judgment to have any effect upon the possession of or title to the property involved. Upon the plaintiff's voluntarily dismissing the petition in this case, the court should have passed an order restoring the status as it existed at the time that the court first sanctioned the application for a receiver. This would have placed the defendants in possession, would have turned over to them the rents which had been collected pending the case, and would have left the parties to their remedies at law to determine the question of title. The decree rendered must be set aside.

*Judgment reversed. All the Justices concurring.*