## DIX v. DIX.

1. Where a year's support was set apart to a widow, and the judgment of the ordinary recited the return of the appraisers, the issuance of citation, and that "objections in the nature of a claim" were filed by a named person, and ordered that the objections be "disallowed" and the return of the appraisers be affirmed, in a subsequent suit by the widow against the person thus mentioned in the judgment of the ordinary, to recover personal property included in the year's support thus set apart, it was error to reject testimony that the ordinary did not in fact hear evidence on the subject of title, or pass upon that question, but refused to do so, because of lack of jurisdiction to adjudicate the question as a court, and an unwillingness to act as an arbitrator, and that the property in fact belonged to the defendant, and not to the decedent before his death, or to his widow by virtue of the setting apart of the year's support out of his estate.

2. A court of ordinary has no jurisdiction to try and determine conflicting claims of ownership of property, arising between a widow applying for the setting apart of a year's support and a person asserting title adversely to the estate of her deceased husband.

3. If a court is wholly without jurisdiction of a given subject-matter, or power to pass upon issues in respect thereto, an attempted decision of issues on that subject is invalid, and will not operate as res adjudicata in a subsequent suit concerning the subject-matter in a court of competent jurisdiction.

4. If, upon an application by a widow to have a year's support set apart to her, another person, who claims title to the property adversely to the estate of the decedent, files objections to the grant of the year's support, and mistakenly invokes a decision of the court of ordinary as to matters which it is without jurisdiction to hear and determine, this will not, by legal construction, be treated as the submission of the issue, by consent, to the ordinary as an arbitrator; and if the court of ordinary undertakes to decide an issue as to which it has no jurisdiction, such decision will not be considered as the award of the ordinary acting as an arbitrator, merely because a question beyond the jurisdiction of the court to determine was raised and no objection was urged thereto by the other party.

Submitted January 16,—Decided May 13, 1909.

Trover. Before Judge Seabrook. Liberty superior court. February 20, 1908.

Mary E. Dix brought suit against Charles Dix, to recover certain personal property, which had been set apart to her as a year's support from the estate of her deceased husband. The defendant was a son of the deceased by a former wife. On the trial the plaintiff introduced in evidence the proceedings of the court of ordinary, setting apart the property in dispute as a year's support for her. The pleadings are not set out in the bill of exceptions in the

present case, but the judgment, which is copied in full, recites the return of the appraisers, the issuance of citation, and that, "objections in the nature of a claim being filed by Charles Dix, ordered that said objections be disallowed, and the return of the appraisers is hereby affirmed." The defendant offered evidence tending to show that the property in dispute formerly belonged to his mother, the first wife of the decedent, and was given to him by her; and also that, on the hearing of the application for the year's support, when Dix filed objections in the nature of a claim, the ordinary refused to act as arbitrator, to hear evidence of title, or to pass upon the question of title; and that in fact he did not pass upon the question of title in that proceeding. The court rejected this evidence, held that the judgment of the court of ordinary, setting apart the year's support, was an estoppel, and directed a verdict for the plaintiff. The defendant excepted.

*Donald Fraser*, for plaintiff in error.

*Edwin A. Cohen* and *Shelby Myrick*, contra.

LUMPKIN, J. The court of ordinary had no jurisdiction to pass upon a question of conflicting claims of title, on the hearing of the application for a year's support. His judgment does not show that he did so, but recites that, objections having been filed by Dix "in the nature of a claim," it was ordered that they be "disallowed." This was not a statement that the ordinary heard evidence and passed upon the question of title. The word "disallowed" is defined to mean "to refuse to allow; to deny the force or validity of; to disown or reject." Webster's Dictionary. It is often applied to a refusal to allow an amendment to be made to pleadings, as indicating a holding, as matter of law, that such offered amendment is improper, and not that the judge heard evidence in regard to the allegations and passed upon the merits of them. The Civil Code, §3743, provides that "Parol evidence is admissible to show that a matter apparently governed by the judgment was really not passed upon by the court." We do not know of any case where this section could be more aptly applied than one where the court had no right to pass upon the question, ought not to have done it, and used language in his judgment which does not necessarily imply that he did so. The presiding judge erred in rejecting the evidence offered by the defendant.

The cases relied on by counsel for defendant in error, and those

on which they are based, furnish a striking illustration of how an obiter dictum or inadvertent expression may sometimes acquire strength by repetition until it may be in danger of developing into a formal erroneous ruling. It is rudimentary law that parties can not, by consent express or implied, give jurisdiction to a court; that as to the subject-matter the court is limited by the powers conferred upon it by law, and can not be given additional power or jurisdiction by consent of the parties or by waiver; but that as to the jurisdiction of the person, the point may generally be waived, so far as the rights of the parties are concerned, but not so as to prejudice the rights of third persons. Civil Code, §§ 5079-5080. The language in the latter part of section 5079 does not mean that parties can confer upon a court, by agreement or waiver, jurisdiction as to a subject-matter. That section was a codification of the pre-existing law, and it has been declared that it was the same in effect after the adoption of the code as before that time. *Suydam* v. *Palmer,* 64 *Ga.* 546, 548. In *Towns* v. *Springer,* 9 *Ga.* 130, it was held that "A judgment rendered by a court without jurisdiction is a mere nullity, and may be so held wherever and whenever and in whatever way it is sought to be used as a valid judgment." In that case a rule against the sheriff was issued by the superior court, based on an execution which was returnable to the inferior court; and it was held that the superior court had no jurisdiction of the subject-matter. In *Central Bank of Georgia* v. *Gibson,* 11 *Ga.* 453, it was held that "When the court has jurisdiction of the person and subject-matter, and the defendant has some privilege which exempts him from the jurisdiction, he may waive the privilege, and in so doing will be bound by the judgment." In *Raney* v. *McRae,* 14 *Ga.* 589 (60 Am. D. 660), it was said: "Parties, by consent express or implied, can not give jurisdiction to the court, as to the person or the subject-matter. It may be waived, however, as to the person, so far as the rights of the parties themselves are concerned; but not so as to prejudice third persons." See also *Bostwick* v. *Perkins, Hopkins & White,* 4 *Ga.* 47; *Adams* v. *Lamar,* 8 *Ga.* 83 (3). These cases were all decided before the adoption of the original code, and show how the law was construed at that time. They are in substantial accord with the rulings in other jurisdictions. 11 Cyc. 673, 676; 17 Am. & Eng. Enc. L. (2d ed.) 1057, 1060, 1061. Since the adop-

tion of the code the distinction between a privilege or right which a person may waive as against himself, though not against third parties, and an inability to confer jurisdiction over subject-matter upon a court, by consent or waiver, has been generally recognized and applied. In *Smith* v. *Ferrario*, 105 *Ga.* 51, 53 (31 S. E. 38), Simmons, C. J., said: "Consent of parties, however, can not give a court jurisdiction of a subject-matter when it has none by law; and when this court discovers from the record that a judgment has been rendered by a court having no jurisdiction of the subject-matter and the case is brought here for review upon writ of error, this court will of its own motion reverse the judgment." See also *Cutts* v. *Scandrett*, 108 *Ga.* 620 (34 S. E. 186). "A suit in a court having no jurisdiction of the subject-matter, resulting in a judgment for the defendant, is a nullity." *Western Union Tel. Co.* v. *Taylor*, 84 *Ga.* 408 (11 S. E. 396, 8 L. R. A. 189). This has been the general trend of decisions in this State. The case of *Wells* v. *Hawkins*, 130 *Ga.* 524 (61 S. E. 121), may apparently conflict with these rulings, in view of the fact that decisions which will presently be mentioned were there cited. But the conflict is apparent rather than real. There a statutory proceeding to foreclose a mortgage on realty was brought, and the mortgagor in his answer to the rule nisi set up, as cause why the rule absolute should not be granted, that a homestead had been set apart to him, as the head of a family, in the mortgaged premises; and the issue thus raised was tried and found against him. It was held that he could not subsequently prevent the sale of the land under the levy of the execution issued upon the judgment rendered in the foreclosure proceeding, by an affidavit of illegality in which the sole ground alleged the setting apart of such a homestead in the land. The superior court is a court of general jurisdiction. It has jurisdiction of the subject-matter of foreclosing mortgages, and also that of determining whether a homestead is subject to a mortgage. Possessing power to deal with and decide both these questions, and thus having jurisdiction of both the parties and the subject-matter, though the more orderly procedure might be to determine the matters separately, yet if a party by pleadings and evidence invokes and obtains, without objection, a ruling on both issues at once, he can not afterward set up the same ground by affidavit of illegality. There is a wide difference between mere

irregularity of procedure before a court of competent jurisdiction, and entire absence of jurisdiction. Moreover, the statutory proceeding to foreclose a mortgage by rule nisi and rule absolute may ordinarily be used instead of a proceeding by equitable petition to foreclose. Even before the code it was held, that when there was jurisdiction of the person and subject-matter in the court in which the suit was brought, and where suit was brought at law for a matter more properly cognizable in equity, and the defendant acquiesced in the proceeding on the law side of the court, without appealing to its equitable jurisdiction (the superior court having both jurisdictions), a judgment confessed by him would not be set aside after the lapse of five years. *Bostwick* v. *Perkins,* supra.

The court of ordinary is a court of general jurisdiction with respect to particular subject-matters; but it is not so in the sense of having jurisdiction generally over every possible subject-matter, question or issue. Thus the constitution provides that "The superior court shall have exclusive jurisdiction in cases of divorce; in criminal cases where the offender is subjected to loss of life, or confinement in the penitentiary; in cases respecting titles to land, and equity cases." Civil Code of 1895, §5842. The superior court has concurrent jurisdiction of other subject-matters; and other courts have jurisdiction of particular subjects. Where the court of ordinary is without jurisdiction to deal with a particular subject-matter, or to make a decision in regard to it, an effort to do so is ineffectual; and this is true whether want of jurisdiction of the subject-matter is urged before that court or not. *Craddock* v. *Kelly,* 129 *Ga.* 818, 825 (60 S. E. 193). In order for a year's support to be set apart to a widow, it should appear prima facie that the money or property sought to be set apart forms a part of the estate of the applicant's deceased husband. If, by way of illustration, a widow should state in her application for a year's support that the property sought to be set apart was never owned or claimed by her husband and formed no part of his estate, and that he had no interest in it, the application would be denied. But where a prima facie showing is made by an applicant to have a year's support set apart to her from property forming a part of the estate of her deceased husband, there is no provision of law by which third parties can file claims, or objections to the grant of a year's support in the nature of claims, and thus form an issue

as to title, to be tried by the court of ordinary. That court is without jurisdiction to try or pass upon such an issue. Suppose the property sought to be set aside for a year's support were real estate, under the constitutional provision above quoted how could the ordinary adjudicate the question of title between the estate of the decedent and a third party? If it were sought to have notes or choses in action set apart, to permit the apparent debtors to file objections on the ground that they did not owe the debts, and thus try the issue between debtor and creditor, would be to give to the court of ordinary jurisdiction, by consent or waiver, which has not been confered upon it by law. When property is set apart to a widow as a year's support, she receives just such title as her deceased husband had, and acquires no greater title by reason of the setting apart of the property to her.

The confusion which has grown up on this subject originated in regard to cases of setting apart homesteads. As far back as *Chambliss* v. *Phelps, 39 Ga. 386,* it was held that "A creditor, though his claim may be one of the exceptions provided for in the homestead act, can not set it up to prevent the laying off of the homestead. Other conditions having been fulfilled, the homestead ought to be set off, leaving to the creditor his right to go on under the exceptions at his discretion." In *Harris* v. *Colquit & Baggs, 44 Ga. 663,* in which two Judges presided, factors who made advances to a person for the purpose of making a crop, and took a lien thereon, foreclosed it, and the execution was levied upon a part of the property. The wife of the debtor applied to the ordinary and obtained an exemption of certain property, including that on which the levy was made. She interposed a claim. It appeared that the factors were represented by counsel before the ordinary, and no appeal was taken from his judgment setting apart the homestead. What questions were made before the ordinary did not appear. Under these facts it was submitted to the decision of the judge whether the property was subject to the execution. He held that it was, and this was assigned as error. The judgment was affirmed. It was held, that "Parties who appear before the ordinary to contest the granting of a homestead are concluded by the judgment upon all questions which it is necessary for the applicant to prove, and upon all questions which the statute provides the creditors may make; but they are not concluded upon questions over which the

ordinary has no jurisdiction, unless it appears that they actually made such questions, and that they were in fact decided." The last clause was unnecessary to the decision of the case, and it was an obiter dictum to state what might have been the law on a different case from that before the court. In the opinion of McCay, J., he made use of a similar statement, saying, "The judgment concludes on all the facts necessary to appear before the court can give a judgment. But the title to the land, and whether, notwithstanding the judgment setting aside the homestead, the debt of the objector may not still levy on it, is not an issue in the case, unless the parties actually make it, and it is decided. In that case, the parties have by mutual consent waived the objection to the jurisdiction, and a judgment binds them." As it had already been held by this court that the question of whether a homestead, when granted, would be subject to a particular lien was not only not a proper question for determination on the application for a homestead, but could not be made, and if made could not prevent the grant, clearly that portion of what Judge McCay said was obiter. Nevertheless, in *Patterson* v. *Wallace*, 47 Ga. 452, 455, a similar view was taken, and Montgomery, J., said: "If the ordinary granted the homestead on demurrer, as it were, to the proof showing that the plaintiff's debt was created for the pur-chase-money, thus declining to take jurisdiction of that issue, then the principle laid down in *Chambliss* v. *Phelps*, 39 *Ga.* 386, would seem to warrant the plaintiff in proceeding with his execution so far as the homestead may present an obstacle; but if the ordinary decided that the debt was not created for the land, it would be res adjudicata." Inasmuch as it made no difference at all whether the debt was created for the purchase-money of the land, and such fact formed no legal ground of objection, but the homestead would be granted regardless of how that question might be decided, leaving the matter of subjecting the property for future determina-tion by a court of competent jurisdiction, the statement that a decision of the question would be res adjudicata is not convincing. In *Gunn* v. *Pettygrew*, 93 *Ga.* 327 (20 S. E. 328), the only ques-tion made which was dealt with in the fourth headnote was as to the form of the verdict. In *Smith* v. *Smith*, 101 *Ga.* 296 (28 S. E. 665), a year's support was granted to a widow, being set apart to her in a city lot. No objection was filed to the return of the

appraisers, and it was duly recorded. After this three persons, who alleged themselves to be the children and heirs-at-law of the decedent, and to be in possession of the lot, entered what purported to be an appeal to the superior court. The widow filed an equitable petition praying for the appointment of a receiver. The judge of the superior court appointed a receiver ad interim. Before the trial, the defendants dismissed their appeal from the judgment setting apart the year's support. The widow moved for a decree that the receiver deliver to her the house and lot and the accrued rentals, less the cost of the proceedings, as her year's support under the judgment of the ordinary, and that the petition abate and be dismissed. The court granted such a decree. That judgment was reversed. The decision necessarily rested upon this statement in the opinion: "Upon the plaintiff's voluntarily dismissing the petition in this case, the court should have passed an order restoring the status as it existed at the time that the court first sanctioned the application for a receiver. This would have placed the defendants in possession, would have turned over to them the rents which had been collected pending the case, and would have left the parties to their remedies at law to determine the question of title." It was, however, also said that "A judgment of the ordinary approving a return made by appraisers setting apart specified realty as a year's support did not, as against third persons claiming title to the property, but who had not filed with the ordinary any objection to the allowance of such return, adjudicate that the title was in the estate of the applicant's deceased husband." In the opinion Mr. Justice Cobb substantially reiterated the obiter dictum of Judge McCay, saying that "it seems that" a person filing an objection raising the question of title, and having it passed on, would be concluded. He cited case of *Harris* v. *Colquit & Baggs,* supra, and also *Newton* v. *Summey,* 59 *Ga.* 397, and *Robson* v. *Harris,* 82 *Ga.* 153 (7 S. E. 926). In neither of the last two cases was any question made as to the jurisdiction of the ordinary in regard to such issue. In fact, in none of the cases up to this point does the question of ability to confer jurisdiction by agreement appear to have been considered. In *Durham* v. *Durham,* 107 *Ga.* 285 (33 S. E. 76), appraisers set apart to a widow and her minor children a year's support consisting of an article of personalty, an account against a named person,

and a one-half interest in described realty. The alleged debtor filed a caveat on the ground that the deceased did not own the property, and the caveator did not owe the debt. A demurrer to the caveat on the ground that it was in effect a claim to the property, and that the ordinary had no jurisdiction to pass upon the question of title thus attempted to be raised, was sustained by the judge; and the judgment was affirmed. It was said that "the issues thus tendered, even treating the caveat as a claim to the realty and personalty set apart, were such as should have been determined elsewhere." Mr. Justice Cobb, who wrote the opinion, declared that the court of ordinary was without jurisdiction to try the question of title, and that therefore the demurrer to objections seeking to raise that question was properly sustained. It was unnecessary to go further and discuss what might have been the result if no objection had been raised by demurrer, and what was said on that subject was obiter dictum. Nevertheless, the learned Justice who prepared the opinion saw the anomalous situation arising from what had previously been said in some of the opinions, indicating that, although the court of ordinary had no jurisdiction of the subject-matter, it might be conferred by agreement or waiver, and endeavored to reconcile those statements with the law. He said: "Neither the ordinary nor the court of ordinary has, under the law of this State, jurisdiction to try cases involving the title to property either real or personal, or to decide questions arising between the representatives of estates of decedents and persons who may be indebted to the same. Civil Code, §§ 5870, 4951, 4232. Parties may by consent submit such questions to the decision of the ordinary; but when this is done, the decision made is not a judgment of the court of ordinary, but simply an award by the individual who is ordinary, as an arbitrator between the parties." And again, after referring to language used in some of the cases, which he stated was probably not entirely accurate, he said that the conclusion reached by this court in the case under consideration was not in conflict with those decisions. "That conclusion is, that the court of ordinary has no jurisdiction to try questions of title to property; but if those questions are presented to the presiding officer of that court and are passed upon without objection from either party, the decision rendered is binding upon the parties submitting the question to his judgment; not, however,

because it is a judgment of the court of ordinary; but because he has a right as an individual, when parties consent thereto, to determine, if he sees proper, any question submitted to him." As already stated, this was not essential to the decision of the case then under discussion. The language of the previous cases did not indicate any idea of the submission of the question to arbitration, but treated the matter as a waiver of objection to jurisdiction, apparently overlooking the inability to confer jurisdiction as to subject-matter on a court, by consent or waiver. If the court had jurisdiction to try and determine the subject-matter, the judgment was binding. If it had not, the judgment was invalid, and had no binding force. Undoubtedly parties may submit questions to arbitration, and if they select an ordinary as an arbitrator, and he consents to act as such, there would seem to be no reason why an award by him would not stand like an award by any other arbitrator. But we can not assent to the proposition that where the proceeding is one before a court of ordinary, and an effort is made to invoke a judgment of that court on a subject-matter over which it has no jurisdiction, the judgment rendered is to be treated as a void judgment for want of jurisdiction, but as a valid and binding award by an arbitrator. Arbitration is a matter depending upon consent and agreement to arbitrate, not upon merely proceeding to litigate before a court.

We have gone at length into a review of the cases, because much reliance was placed upon the decision in *Durham* v. *Durham*, supra.

A judgment granting an injunction against a claim for a year's support and dower, based on adverse title, has been reversed. *Burks* v. *Beall,* 77 *Ga.* 271 (3 S. E. 155). Whether an effort to prevent a cloud from being placed on a title, without any justification therefor, would authorize equitable interference was not discussed.

*Judgment reversed. All the Justices concur.*