## STRINGFIELD *v.* STRINGFIELD.

It was error to direct a verdict on conflicting evidence.

JUNE 22, 1915.

Complaint for land. Before Judge Mathews. Taylor superior court. January 31, 1914.

*C. W. Foy,* for plaintiff in error. *W. E. Steed,* contra.

EVANS, P. J.   J. L. Stringfield, as administrator of J. R. String-field, brought his action against Seymore Stringfield, alleging, that his intestate was the owner of a certain described tract of land in the possession of the defendant, and that the defendant is one of the heirs at law of his intestate, but that it is necessary to recover the land for the purpose of paying the debts and making distribution among the heirs at law of his intestate. The defendant denied the plaintiff's title, and set up title in himself by adverse possession. The case proceeded to trial, and the plaintiff put in evidence perfect paper title to the land in his intestate. The deed in the chain of title to the plaintiff's intestate purported to have been executed in 1894 and recorded July 1, 1912. The plaintiff introduced testimony of the necessity for the recovery of the land for the purposes of administration; that it was worth for rent $75 per year; that the defendant had been living for a long time on the place with his father and the other children; and that after the death of the plaintiff's intestate the defendant had offered the heirs a certain amount for their interest in the land. A witness testified to a statement by the defendant that he desired to cut down a hickory tree near the house, but desisted because the plaintiff's intestate objected. The tax digests of the county, showing that the land was returned for taxes in the name of the plaintiff's intestate from the year 1900 to 1911 inclusive, were received in evidence. The defendant testified, that his father went into possession of the land in 1869, and in 1886 contracted to give him the land, in consideration of his taking care of him during his life; that he complied with this contract with his father, who had since died; that after the death of the plaintiff's intestate he learned that his brothers and sisters were claiming the land as heirs, and he offered them a compromise rather than to have a lawsuit, which offer they declined; that he never rented the land from plaintiff's intestate nor from any one else, but always claimed it as his own after the trade with his father in 1886, and since then he has been in the open, notorious, uninterrupted, and peaceable possession of the land and paid the taxes on it. He denied that he had made the statement about desiring to cut the hickory tree, and the objection made by his brother (plaintiff's intestate) to his cutting it. Upon the conclusion of the testimony the court directed a verdict for the plaintiff for the premises in dispute and for $50 mesne profits. A motion for new trial was overruled, and the defendant excepted.

The various grounds of the motion raise the point that the evidence was conflicting and that the court should not have directed a verdict. We think it clear that the court should have submitted to the jury the conflicting issue of title. The suit was brought in 1912, a few months after the record of the deed to the plaintiff's intestate, and the testimony was sufficient to raise the issue of the defendant's adverse possession under a claim of right for a period of more than twenty years. The code declares that actual adverse possession of land by itself for twenty years shall give good title by prescription, against every one except the State or persons laboring under disabilities. Civil Code (1910), § 4168. It was error to withdraw the issue of title from the jury.

*Judgment reversed. All the Justices concur.*