HARRIS *v.* MANDEVILLE *et al.*

BELL, Presiding Justice.  1. Where a married woman died intestate, leaving her husband and their seven children as her only heirs at law, the husband and the children each inherited one-eighth undivided interest in the realty owned by the intestate at the time of her death, and they became tenants in common as to such realty.  Code § 113-902.

2. While actual adverse possession of land for twenty years will ripen into a good title by prescription, permissive possession can not be the foundation of a prescription until an adverse claim and actual notice to the other party.  Code, §§ 85-406, 85-402; *Rucker* v. *Rucker,* 136 *Ga.* 830 (2) (72 S. E. 241).

3. Nor can there be "adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in any of which events the cotenant may sue at law for his possession."  Code, § 85-1005.

4. A party who alleges title by prescription has the burden of proving it; and where it is contended that a former tenant in common acquired prescriptive title as against his former cotenants, the party asserting such contention has the burden of proving not only the usual elements of prescription, but also at least one of the conditions stated in the foregoing section as to cotenants. *Morris* v. *Davis*, 75 *Ga.* 169; *Morgan* v. *Mitchell*, 104 *Ga.* 596 (30 S. E. 792); *Strickland* v. *Strickland*, 147 *Ga.* 494 (5*a*), 498 (94 S. E. 766); *Cowart* v. *Strickland*, 170 *Ga.* 530 (4-7), (153 S. E. 415).

5. In the instant case the judge charged the jury "as a matter of law" that on the death of the intestate her husband and children, including the plaintiffs, became joint tenants of the property owned by her, and before title by prescription to any part of it could be acquired by the surviving husband, "there would have to be an adverse possession toward such tenants as he was prescribing against, after they had notice brought home to them that he was claiming adversely to them." *Held*, that, as against one claiming under the husband, this charge was not erroneous upon the ground that it "was not warranted by the evidence and was calculated to mislead and confuse the jury and because said facts were not matters of law, but was a fact which the jury should have determined from the evidence."

6. Where the title to property was not vested in a decedent at the time of his death, it can not be set apart as a year's support for his widow and minor children, so as to vest title in them. *Burckhalter* v. *Planters Loan & Savings Bank*, 100 *Ga.* 428 (28 S. E. 236); *Smith* v. *Smith*, 101 *Ga.* 296 (28 S. E. 665); *Zeagler* v. *Zeagler*, 190 *Ga.* 220, 225 (9 S. E. 2d, 263); *Scruggs* v. *Morel*, 22 *Ga. App.* 93 (95 S. E. 316).

7. Under the preceding rulings, the evidence authorized the inference that the surviving husband of the intestate, after inheriting one eighth undivided interest in the property in question, acquired an additional three-eighths interest by deeds from the children other than the present four plaintiffs, but that he did not acquire any further interest by prescription or otherwise. Accordingly, although it appeared that appraisers undertook to set apart the whole interest to his widow and minor children by a subsequent marriage, the jury were authorized to find in favor of the plaintiffs for the four-eighths undivided interest claimed by them, and for a partition of the land on basis of such interest in them and the remaining one-half undivided interest in such widow and children. In this view, it is unnecessary to determine what effect, if any, should be given to the effort of the ordinary to qualify the appraisers' return at the time of admitting it to record.

8. The evidence being sufficient to support the verdict in favor of the plaintiffs, and no error of law having been committed, the court did not err in overruling the motion for a new trial, as filed by the defendant widow.

9. The following statute and decisions cited for the plaintiff in error do not deal with prescription by a cotenant, and do not require a different conclusion in the instant case. Code § 85-413; *Evans* v. *Baird*, 44 *Ga.* 645; *Stringfield* v. *Stringfield*, 143 *Ga.* 557 (85 S. E. 754).

*Judgment affirmed. All the Justices concur.*

No. 14361. JANUARY 12, 1943.

257

*Rowland & Rowland,* for plaintiff in error.

*J. E. Cook* and *H. T. Hicks,* contra.