No. 63.—The Central Bank of Georgia, plaintiff in error, vs. Blanche G. Gibson, defendant in error.

[1.] A judgment rendered by a Court not having jurisdiction of the person or subject matter, is void, and may be impeached whenever and wherever it is sought to be used as a valid judgment.

[2.] The clause in the State Constitution which requires all civil cases to be tried in the County wherein the defendant resides, *Held,* to apply to corporations as well as to natural persons.

[3.] The Central Bank of Georgia, held to be suable alone at Milledgeville, and that a judgment rendered against it in the County of Muscogee, by consent of the Director, as to the jurisdiction, is void, both as to third persons and *inter partes.*

[4.] Consent cannot confer jurisdiction on a Court which it does not possess by law, and a judgment rendered against an individual by a Court without jurisdiction, when the want of jurisdiction has been waived by the defendant, is void as to third person. Whether void as between the parties thereto—*Quere?*

[5.] When the Court has jurisdiction of the person and subject matter, and the defendant has some privilege which exempts him from the jurisdiction,

he may waive the privilege, and in so doing will be bound by the judgment.

Motion to set aside a judgment. In Muscogee Superior Court. Decision by Judge IVERSON, May Term, 1852.

This was a motion to set aside a judgment in favor of Blanche G. Gibson, against the Central Bank, recovered in the Superior Court of Muscogee County, on the ground that the Court had no jurisdiction; the bank being located by its charter, in Baldwin County.

To this motion, Blanche G. Gibson replied, that H. W. Jernigan & Co. had a claim upon the Government of the United States, of which she was half owner; that Jernigan transferred his interest therein to the Central Bank of Georgia; that when the claim was before the Congress of the United States, a conflict of interest being about to arise between herself and the bank, which would defeat the allowance of the claim, Alfred Iverson, Esq. as attorney for Mrs. Gibson, and David C. Campbell, Esq. as the Director of the Central Bank, agreed, that upon withdrawing all objections to the allowance of the claim to the bank, the claim of Mrs. Gibson to one-half the amount should be referred to arbitrators to be selected by the parties; that after the money was recovered by the bank, the Director (Campbell) proposed, instead of an arbitration, a suit, which was agreed to, on condition that, by consent, the suit should be brought in Muscogee County, for the convenience of the attorneys—Joseph Sturgis, for the Bank, Alfred Iverson, for Mrs. Gibson; that suit was brought, jurisdiction waived by the Director, the cause tried before Judge *Powers*, and judgment obtained. Before the trial, however, counsel for Mrs. G. was notified by the Governor, that he would not recognize the validity of the suit; that there was no fraud or collusion, and that the rights of third persons are not affected by the judgment.

The Court refused the motion to set aside the judgment, and this decision is assigned as error.

A. H. KENAN, for plaintiff in error.

BENNING, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] A judgment rendered by a Court not having jurisdiction of the person and subject matter, is a nullity, and may be impeached whenever and wherever it is sought to be used as a valid judgment. *Towns, Governor, vs. Springer et al.* 9 Geo. R. 130. 4 Geo. 47.

[2.] This judgment was rendered against the *Central Bank* by the *Superior Court of Muscogee County*, and the question is this, to wit : had that Court jurisdiction over the *Central Bank* in that County ? By the Constitution of the State, *all civil cases* shall be tried in the County wherein the defendant resides. *Prince*, 910. Except in the cases provided for in the Constitution and in Equity cases, a citizen cannot be called to answer to a suit in any County of the State other than that of his residence. Anywhere else, jurisdiction over his person is denied to the Courts by the Constitution. Does this constitutional provision apply to *The Central Bank of Georgia ?* It is claimed to apply only to natural persons. The reading of the Constitution is wholly free from ambiguity. It has no reference to the character of the person, but refers to *cases.* The declaration of the fundamental law is, that *all civil cases* shall be tried in the County where the defendant resides. This was a *civil case.* But it was farther argued that the defendant in this case, to wit : the *Central Bank* has no residence in any particular County ; that its residence is in each and every County within the limits of the State, and if so, was as liable to suit in the *County of Muscogee* as any where else. If this be true, the Constitution was not violated, and the judgment is valid.

[3.] However plausible the idea may be, that a corporation, an intangible entity, deriving its existence and all its functions from the Legislature, and possessing no natural personality, is ubiquitous within the limits of the State, in the absence of any

designation of its locality by law ; yet in this case it has no application, because the *charter* of the *Central Bank* fixes its locality at *Milledgeville*. *There*, therefore, it is suable—*there*, it is made by law, commorant. It is an artificial person, *resident*, by legislative enactment, at *Milledgeville*. The charter provides, " that a bank shall be established in behalf of the State of Georgia at *Milledgeville*, in said State, to be known and called by the name and style of the Central Bank of Georgia." *Prince*, 72. This seems to be conclusive of this question. If, however, the charter did not determine the locality of the bank, I should hold that it would be considered as resident, for the purposes of a suit, in that County, wherein its place of business was situated. If the Constitution had directed that all civil cases should be tried in the County where the *citizen* resides, the argument of counsel would be more pertinent. It speaks of the *defendant*. A corporation is as truly a defendant as a natural person. Being a *defendant* in a *civil suit*, and made resident in a particular County, by a provision of its charter, we have no doubt but that it is within the protection of the constitution, and that suit can be brought against it alone in that County.

It is claimed farther that the *charter* subjects the bank to suit before any Court of Record, or in any other place whatsoever ; and the effect of this is to give it a residence in any County of the State for the purposes of a suit. The 15th section of the charter declares that the *Central Bank of Georgia*, by that name, " shall be and is hereby made able and capable in law, to sue and be sued, plead and be impleaded, answer and be answered, defend and be defended, in Courts of Record, or any other place whatsoever." *Prince*, 74. This clause is not understood to enlarge the jurisdiction of any particular Court or Courts, but to. give a capacity to the corporation to appear, as a corporation, in any Court which would, by law, have cognizance of the cause, if an individual were the party. Such was the construction which the *Supreme Court of the United States* put upon precisely the same clause in the charter of the *Bank of the United States*. *Bank of the United States vs. Devearux et al.* (5 *Cranch's Rep.* 61.) The *Superior Court of Muscogee County*

would have, by law, no jurisdiction in a civil case, over an individual residing in the County of *Baldwin*; none, therefore, over this corporation, (upon this construction, clearly the true one of this clause in the charter) located in *Baldwin County*.

To save this judgment, the learned counsel has invoked a construction of the Constitution, which has the charm of novelty, and which it is our duty to notice. It is this : the limitation of the trial of civil cases to the County where the defendant resides, is referable to such civil cases as are brought in the Inferior Court, and has no reference to cases brought in the *Superior* Court. The Constitution gives to the *Superior* Courts concurrent jurisdiction in all civil cases, and after defining some other powers of the *Superior* Courts, it proceeds to declare that, " The *Inferior* Courts shall *also* have concurrent jurisdiction in all civil cases (except in cases respecting the titles to land) which shall be tried in the County wherein the defendant resides, &c. The reading of the counsel gives this meaning to this clause, to wit: *the Inferior Courts shall also have concurrent jurisdiction in all civil cases, which cases, when brought in the Inferior Court, shall be tried in the County wherein the defendant resides;* thus applying the requisition of trial in the County of the defendant's residence, to cases brought in the Inferior Court. Such is not the meaning of the Constitution. The clause referred to contains two propositions : the first, is a grant of concurrent jurisdiction with the *Superior Courts*, to the *Inferior Courts* in all civil cases ; the second is a distinct statement, that all civil cases shall be tried in the County wherein the defendant resides. Whether in the *Superior* or *Inferior* Courts, *civil cases* are to be tried in the County of the defendant's residence. This has been the construction from the beginning. It is sustained by a fair reading of the clause, and yet more strongly vindicated by the reason and policy of the Constitution. There is no reason why a civil suit, when brought in the *Inferior Courts*, should be tried in the County wherein the defendant resides, which does not obtain, when such suit is brought in the *Superior* Courts. In either case, the reason and policy of the requirement are the same.

[4.] In this case the *Director* of the *Central Bank* waived the want of jurisdiction in *Muscogee*, and appeared and pleaded to the action upon the merits, making no objection to the jurisdiction. The case is not thereby altered. The waiver and pleading to the merits cannot give jurisdiction, when it is not given by law. Much less can they confer jurisdiction in a case where it is prohibited by law—by the fundamental law. The right of being sued in the County of his residence, is a privilege guaranteed by the Constitution to the defendant. But this is not all; it is founded in a policy which has reference to the rights of every citizen. Every citizen is interested to know what suits have been instituted against others—what liens have been created by judgments. It is his right to know these things by an inspection of the record. To protect this right there ought to be a fixed locality for the record. He ought not to be driven to search the records of every County in the State. With good reason, therefore, aside from the convenience of the defendant, the law requires civil suits to be tried where he resides.

To permit waivers expressly made, or implied from appearance, to confer jurisdiction, would be to defeat the policy of the Constitution.

[5.] There are cases where the Court has jurisdiction of the person and the subject matter by law, and the defendant has some privilege which exempts him from the jurisdiction, in which he may waive his privilege. So a citizen of a foreign State, may come into a Court of Georgia entertaining jurisdiction rightfully by our own laws, and waive his exemption from the jurisdiction, as a citizen of another sovereignty, and so doing will be bound by the judgment. Such cases depend upon principles very different from those which control the case before me. In the case of *The Georgia Railroad and Banking Co. vs. Harris et al.* we held, that a judgment obtained by consent in a County other than that of the defendant's residence, would be set aside in favor of a junior judgment creditor. We left the question open then, whether such a judgment would be valid as between the parties to it, when not in conflict with the rights of third persons. It will be seen by a perusal of that case, that the reasoning of this Court

goes very far to set ⬤side such a judgment, as between the parties. 5 *Ga. R.* 527. 4 *Ibid*, 50. 9 *Ibid*, 132. *R. M. Charl. R.* 300. The policy of the Constitution would seem to me necessarily to invalidate it. Third persons are not objecting to this judgment. It is a question between the plaintiff and the bank. This bank is a public corporation—its funds belong to the State—all the people are interested in them. The Legislature has made it suable at *Milledgeville.* Reasons of public policy require that it be sued there alone, which reasons do not apply with the same force to individuals. I shall not stop to state them.

Whether a judgment obtained by consent out of the County of the defendant's residence, in case of citizens, be or not valid, as between the parties, is a question which this Court reserves for future decision. This judgment we pronounce void, both as to third persons and *inter partes.*

Let the judgment below be reversed.