ELLIS *vs.* THE ATLANTIC AND GULF RAILROAD COMPANY.

1. An official entry by the sheriff in these terms on the execution, "No property pointed out on which to levy this *fi. fa.*, July 17th, 1875," will serve to keep the judgment from becoming dormant.
2. As to judgments rendered in November, 1861, there was no running of the statute of limitations until after the 21st of July, 1868.

Judgments. Executions. Statute of limitations. Before Judge WRIGHT. Decatur Superior Court. May Term, 1878.

On November 4th, at the October term, 1861, of Decatur superior court, the railroad company obtained judgment against Ellis, upon which execution issued on the 8th; on the 23d of the same month the clerk and sheriff receipted to the plaintiff on the *fi. fa.* for their costs. On July 17th, 1875, the sheriff made this entry: "No property pointed out on which to levy this *fi. fa.*," and on the 8th of the following September a levy was made upon property of the defendant. The latter filed an affidavit of illegality based upon the ground that the execution was dormant, and barred by the statute of limitations, because there was no legal entry thereon within seven years from the time it was issued.

The court overruled the illegality and ordered the execution to proceed ; to this defendant excepted.

JOHN E. DONALDSON, by brief, for plaintiff in error, cited Herman on Ex., pp. 373, 378, 383, 389 ; 49 *Ga.*, 576 ; 39 *Ib.*, 39, 386.

No appearance for defendant.

BLECKLEY, Justice.

1. Assuming that by reason of the suspension of the statute of limitations, there was no diligence required as to this particular execution until July 21st, 1868, (when the constitution of that year took effect,) the time within which the first seven years began to run would be that date, and as the return of July 17th, 1875, was a little before the seven years expired, there was no dormancy, if that return can be held an entry by the proper officer within the meaning of section 2914 of the Code. Now, the only special feature in the return is that it declares that no property had been pointed out, instead of saying that none was found. It is signed by the sheriff, and there is no possible doubt that he is the proper officer. If the return had been, in the usual form of *nulla bona*, there would be no question of its sufficiency ; the departure from that form is the novelty, and the point to which our attention has been called. But suppose the sheriff did not make the exact answer to the command of the process which he ought to have made, does this keep the answer which he did make from being an entry or return by the proper officer ? The command was to levy and collect ; the answer was : "No property pointed out on which to levy this *fi. fa.*" The answer, such as it was, was entered upon the *fi. fa.*, and was intended (we may presume) as a return by the sheriff who signed it. It might not have protected him against a rule for the money, but it serves to show that he treats the execution as vital and active, and as requiring some response from him to the court from whence it issued. It prevented dormancy from taking place at any time after the suspen-

sion of the statute of limitations ceased, the levy having been made within seven years after the return.

2. But unless the suspension included this execution and protected it until July 21st, 1868, so as to make that date the starting point of the first seven years within which an entry or return was required, the return of July 17th, 1875, was too late, as the sheriff's receipt for costs (which could be treated, no doubt, as a return—see 42 *Ga.*, 212, 269,) being dated November 23d, 1861, would operate to save dormancy only till November 23d, 1868, leaving nothing to cover the interval between that time and July 17th, 1875. Inasmuch as the judgment in this case was rendered prior to June 1st, 1865, it is unaffected by the limitation act of 1869; and, as we stated in *Turner vs. Grubbs*, 58 *Ga.*, 279, we think that as to it the limitation laws were suspended during the war, and up to the establishment of civil government in July, 1868. We consider the point fully settled by *McLaren vs. McCarty*, 53 *Ga.*, 41. See acts of 1861, p. 60.

Judgment affirmed.