## Suydam *vs*. Palmer *et al*.

During the trial of a claim case in the superior court of Greene, a record was produced by the claimant, showing that the original judgment (from a subsequent judgment reviving which the plaintiff's *fi. fa.* issued) was rendered in that court on a declaration to which no defense was filed, and which alleged that the defendant (an executor, and sued as such) was "formerly of said county, but now of the county of Richmond and state aforesaid, who waives the want of jurisdiction of this the said circuit of Ocmulgee, and selects the same for suit to be brought," and said declaration having indorsed thereon an acknowledgement of service by the executor, in which he declared, "I waive the want of jurisdiction, and select Greene county, said state, for suit to be brought:"

*Held*, that the court did not err in dismissing the levy on claimant's motion.

Jurisdiction. Venue. Waiver. Claim. Before Judge. LAWSON. Greene Superior Court. March Term, 1879.

Report unnecessary.

A. J. SHANNON, by brief, for plaintiff in error.

H. E. W. PALMER, by brief, for defendants.

BLECKLEY, Justice.

In what counties the various classes of suits shall be brought is matter of constitutional law. The constitution of 1868, after dealing with divorce cases, criminal cases, cases respecting titles to land, equity cases, suits against joint promissors, copartners, or joint trespassers, and suits against the maker and indorser of promissory notes, or other like instruments, provides that "all other cases shall be tried in the county where the defendant resides." To the same effect is the statute, found in section 3402 of the Code. It appears from the record that the original action was by a creditor of a testator, upon a promissory note made by the latter to the former, and was brought in the year 1869, in Greene superior court, against the debtor's executor. The declaration alleged that the executor was "formerly of said county, but now of the county of Richmond and state aforesaid, who waives the want of jurisdiction of this the said circuit of Ocmulgee, and selects the same for suit to be brought;" and upon the declaration was indorsed an acknowledgment of service by the executor, in which he declared, "I waive the want of jurisdiction, and select Greene county, said state, for suit to be brought." No defense was filed, and judgment was rendered for the plaintiff, which judgment became dormant, and it was revived in 1878. From the judgment of revival, execution was issued, and the same was levied upon certain realty as the property of the testator. A claim was interposed by Palmer and others.

In the progress of the trial of the claim case, the plaintiff's counsel attacked the title of the claimants as fraudulent, and was proceeding to introduce evidence intended to show that the executor's conveyance to them, made in 1874, was without consideration, and merely colorable. With some of his evidence in, and more, to come, he was interrupted by a motion to the court on the part of the adverse counsel, to dismiss the levy, upon the ground that the record (which

the movant produced) showed that as to the claimants, the original judgment against the executor was void for want of jurisdiction over the executor in Greene county. The court inspected the record, and thereupon dismissed the levy.

In section 3460, the Code declares that "parties, by consent, express or implied, cannot give jurisdiction to the court as to the person or subject matter of the suit. It may, however, be waived so far as the rights of the parties are concerned, but not so as to prejudice third persons." The law prior to the adoption of the Code was to the same effect. 11 *Ga.*, 453; 14 *Ib.*, 589; 5 *Ib.*, 527. The claimants were not parties to the judgment against the executor; and the pleadings in the case in which that judgment was rendered show on their face that the court which rendered it had no jurisdiction except by virtue of consent and waiver. The judgment of revival, which stands between that original judgment and the *fi. fa.* now seeking to sell the land in controversy, cannot be more effective relatively to third persons than was its predecessor and root prior to dormancy. An awakened judgment, if not the same one that went to sleep, is its offspring, and the heir to its infirmities. The court had only to inspect its own records to see that the levy, even if binding on the executor, could not be enforced against the claimants; and as the contest on trial was with them alone, the real attack being upon their alleged title, there was no error in granting the motion to dismiss the levy. It is vital to the success of the plaintiff in *fi. fa.* in a claim case, to have a judgment which, taking the whole record together, will bear inspection as something capable of being enforced to the prejudice of persons other than the defendant in *fi. fa.* A judgment which is void as to third persons, for the want of jurisdiction, is not such a judgment as can prevail; and this appearing from the record itself, to proceed with the trial would be a profitless waste of time.

Judgment affirmed.