## Knox *et al. vs.* Bates & Company.

1. Action at law against survivor and administrator of deceased, located in county of survivor's residence, on open account against partnership, is without jurisdiction as to administrator of deceased partner who resides in another county, unless insolvency of the partnership is averred so as to give remedy in equity. Want of jurisdiction cannot be waived so as to affect third persons.

2. Return by the sheriff of another county that he knows of no property in his county on which to levy, is no evidence of insolvency, where it is not shown that the defendant ever resided or had property in that county.

November 23, 1887.

Actions. Administrators and Executors. Partnership. Jurisdiction, · Evidence. Before Judge Lumpkin. Taliaferro Superior Court. February Term, 1887

Prior action of complaint against surviving copartner and administrator of deceased partner, in superior court of T. county, on open account against partnership, the surviving partner residing in that county, and the administrator appointed there, but residing in M. county. Declaration contained no averment of insolvency as to partnership, or as to survivor. So far as appears, no plea, answer or appearance, by either defendant. Judgment jointly against both defendants, against the survivor *de bonis propriis,* and against the administrator *de bonis testatoris.* Execution against both accordingly. Return thereon of *nulla bona* by the sheriff of T. county as to the partnership and the administrator; return, as to the survivor, by the sheriff of W. county, to the effect that the

sheriff knows of no property of the survivor on which to
levy; but no evidence that the survivor resides or ever re-
sided in W. county, or ever had property there.   No return
by the sheriff of M. county.   After these proceedings, the
present action was brought on the administration bond, to
recover the amount of the judgment from the administra-
tor and his sureties.   The court held the judgment, as evi-
dence of assets, was conclusive against the administrator,
and *prima facie* against the sureties.   Verdict for the
plaintiffs; motion by the defendants for a new trial, denied.

J. W. HIXON; J. H. LUMPKIN; T. E. WATSON; H. T. &
H. G. LEWIS, for plaintiffs in error.

W. O. MITCHELL; JOHN C. HART, for defendants.

BLECKLEY, Chief Justice, (after stating the above facts.)

1. The right of action at law upon an open account
against a partnership is several against the survivor, not
joint against the survivor and the administrator of the de-
ceased copartner.   In equity there is a joint remedy if the
partnership be insolvent—certainly so if both the partner-
ship and the survivor be insolvent; and this equitable
remedy, where the necessary averments are made, may be
administered at law. *Anderson vs. Pollard*, 62 *Ga.* 46.   But
unless the necessary averments are made in the pleadings,
the legal remedy alone is involved, and there can be no
intendment that the equitable remedy was invoked, or
that the conditions of its exercise were established by the
evidence.   Such averments could be brought in by amend-
ment, but being as to jurisdictional facts, their omission
could be supplied after verdict only so far as to heal the
jurisdiction as between law and equity; but here there was
also defective jurisdiction over the administrator as to the
county in which the suit was located, treating the suit as
a mere suit at law.   Though he could waive this defect so
as to affect himself, he could not waive it so as to affect

others. *Suydam vs. Palmer*, 63 *Ga.* 546; *Rhett vs. Georgia Land Company*, 64 *Ga.* 521. It follows that the judgment is no evidence whatever against the sureties; and on the face of the record before us, it is no evidence even against the administrator, for he did not appear, plead or answer, and was sued at law in Taliaferro county when he was a resident of McDuffie county. He·was subject to be sued in equity out of his county that is, in the county where his co-defendant, the surviving partner, resided, but not at law; and according to the evidence, he was sued at law, with no equitable element whatsoever in the proceeding. See *Pullen vs. Whitfield*, 55 *Ga.* 174.

2. The judgment as one against the survivor was in all respects valid; but he was of Taliaferro county when sued, and, so far as appears, never removed to Wilkes county, or had any property there. The return of *nulla bona* as to him is by the sheriff of Wilkes county, and is only that "I know of no property of defendant V. T. Smith, in Wilkes county, to levy this *fi. fa.* upon." Such a return might prevent the judgment from becoming dormant. *Ellis vs. Atlantic and Gulf Railroad Company*, 61 *Ga.* 362. But how it would prove, or tend to prove, that V. T. Smith was insolvent, either at the time when the action against him was brought or when the return was made, we do not see. Why should his having no property in Wilkes county of which the sheriff had knowledge, be evidence that he had no property? To reason from such premises to such a conclusion would be simply absurd; and we may safely say that the reasoning of the law is never absurd.

Judgment reversed.