## ANSLEY COMPANY *v.* O'BYRNE, receiver.

1. In a claim case the claimant may attack the execution on any ground which could then be urged by the defendant in fi. fa.
2. But if the execution is valid as against the defendant, the levy may proceed to subject any interest in the property covered by the lien against the defendant.
3. Inasmuch as a person may sometimes be lawfully sued out of the county of his residence, or may even waive the want of jurisdiction, and because of the presumption in favor of the regularity of judgments issuing from a court of general jurisdiction, an execution from the superior court of Fulton county in favor of A, and against B of Lee county, is not void on its face.    Nor should the levy be dismissed on the ground that the fi. fa. appears to be void.
4. Such an execution could be attacked by the production of the record showing that the superior court of Fulton county was without jurisdiction, and, if so, that the defendant had not waived the want of jurisdiction.
5. The plaintiff in fi. fa. made out a prima facie case.    The claimant's title depended on a tax deed void because of an excessive levy. There were no errors in the rulings complained of, and the judge properly refused a new trial.

Argued June 18, — Decided July 13, 1904.

Levy and claim.   Before Judge Littlejohn.  Lee superior court. December 12, 1903.

On October 17, 1901, the clerk of Fulton superior court issued an execution against " Leah J. Ansley *of Lee County*," generally, and especially against certain land in Lee county. It was addressed to " all and singular the sheriffs of this State," and directed that they cause to be made the principal, interest, and costs " which at our superior court for said county, . . on the 28th day of June, 1901, J. A. Anderson and M. A. O'Byrne, receivers for the Southern Mutual Building and Loan Association of Atlanta, as plaintiffs; recovered against said Leah J. Ansley," etc. This execution was levied on the land in Lee county, described in the fi. fa. C. C. Ansley Company, a corporation, filed a claim. On the trial of the claim case the plaintiff introduced a security deed to the land, from Leah J. Ansley to the Southern Mutual Building and Loan Association, a statutory deed from the receivers back to Mrs. Ansley for the purpose of the levy, the fi. fa. from Fulton superior court, with the entry of levy thereon, and proved that the possession of the property was in the defendant at the time of the levy. The claimant offered a tax execution for $15.91 and costs, with the levy and the deed thereunder. This was attacked on the ground that the levy was excessive, and the sale, therefore, void. The claimant objected to the admission of the Fulton county fi. fa., on the ground that it showed on its face that Mrs. Ansley was a resident of Lee county ; and also proved by her husband that he was her agent ; that she was a resident of Lee county until she moved to Dawson ; that she never lived in Fulton county ; and that " she never plead to the case," he testifying, " if she had plead I would have known of it." The verdict was for the plaintiff in fi. fa. The claimant made a motion for a new trial on the general grounds, and for the further reason that the execution from Fulton superior court should not have been admitted, or, having been admitted, should have been ruled out and the levy dismissed, on proof that Mrs. Ansley was never a resident of Fulton county and did not plead. The motion was overruled.

*Allen Fort & Son*, for plaintiff in error.
*E. A. Hawkins*, contra.

LAMAR, J. (After stating the foregoing facts.)

The claimant may have a legal title, but he may have acquired it from a defendant against whom the judgment had been previously rendered. When, therefore, a levy is made, the question is,

not to whom does the land belong, but is it subject to the execution? This being the issue, the claimant is interested in being able to attack the validity of the fi. fa., to the end that he may have the levy dismissed; and for this purpose he is permitted to show that the judgment is void, or, if ever valid, that it has been discharged. In fact, he can make any attack upon the process levied which the defendant therein may then make. A defendant who has had his day in court can not go behind the judgment for the purpose of showing that it ought never to have been rendered, nor will a claimant be allowed any such right. *Horne* v. *Powell*, 88 *Ga.* 639; *New England Mortgage Co.* v. *Watson*, 99 *Ga.* 735; *Osborne* v. *Rice*, 107 *Ga.* 282. If, then, this be the test it is manifest that the court below properly refused the motion to dismiss the levy on the present execution. Prima facie it was good against the defendant. It issued from a court of general jurisdiction, with all the presumptions in favor of the validity and regularity of the judgment on which the fi. fa. was based. If the defendant had filed an affidavit of illegality, it would not have been sufficient to prove, as here, that she had "never plead." It would have been necessary to show that there was no waiver of the alleged want of jurisdiction. *LeMaster* v. *Orr*, 101 *Ga.* 764. This presumption in favor of a writ issuing from a court of general jurisdiction can in no event be overcome by the testimony of a third person that the defendant did not plead; that he was her agent and would have known it if she had done so. Even if this negative testimony be sufficient to establish her failure to plead, it does not establish that there was no waiver, and, according to the Civil Code, § 5079, while one can not give jurisdiction, it may be waived so far as the parties themselves are concerned. If, therefore, Mrs. Ansley waived any want of jurisdiction in Fulton superior court, the judgment therein was valid against her. The claimant could not attack the execution on grounds which the defendant in fi. fa. could not then have made. In allowing it to proceed, the rights of third persons were not affected. If the land was in fact her property, the claimant was not injured. If it had been sold by the defendant to the claimant after the rendition of the judgment, and the lien had attached, the claimant took subject thereto, and could not complain if the fi. fa. was allowed to proceed. If the claimant had a title older

than the lien, or one derived from another source, on proof of that fact the verdict should have been not subject.

Although Mrs. Ansley was a resident of Lee county, she could have waived the want of jurisdiction of Fulton superior court. Besides this, there are cases in which the superior court has jurisdiction over persons residing in other counties; and these two facts, coupled with the presumption. in favor of the regularity of judgments issuing from a court of general jurisdiction, made it necessary for the claimant to attack the validity of the fi. fa. by the production of the record.     There was no error in ˑthe rulings complained of; the plaintiff made out a prima facie case that the property was subject to the execution; the claimant's title was based upon a tax deed void because of an excessive levy; and the judgment is                 *Affirmed.   All the Justices concur.*