### 5968. CHARLES *v.* PITTS.

WADE, J. 1. An attachment returnable to a justice's court of Worth county, Georgia, was issued by a justice of the peace of that county against Horton, and was levied by a deputy sheriff of Worth county upon certain lumber described as the property of the defendant. A claim to the property was interposed by Charles, and the attachment, levy, and claim were returned to the said justice's court for trial. On

the trial day the plaintiff and the defendant were both present, and the claimant was absent. After proper amendment of the affidavit upon which the judgment issued, the court proceeded to try the issue raised by the claim and also to hear testimony as to the indebtedness of the defendant to the plaintiff, and rendered a judgment finding the property subject to the attachment, and directed that the attachment proceed specially against the property under levy and generally against the defendant, and adjudged that the judgment operated "as a special judgment against the property seized and as a general judgment in terms of the law for the full amount of principal, $93, lawful interest thereon, and for all costs incurred in this proceeding." It appears, from the evidence of the defendant, that he lived in the county of Tift at the time the attachment was levied, and had been living there for some time; but he stated in open court that he would waive jurisdiction, both as to his person and the property or subject-matter in this case. *Held:*

(*a*) Jurisdiction being waived as to person and the subject-matter, as between the plaintiff and the defendant, a valid judgment was rendered. Thereafter the defendant himself could make no objection for lack of jurisdiction, and the claimant could not make an attack on the judgment except upon some ground which could at that time be urged by the defendant. "A defendant who has had his day in court can not go behind the judgment for the purpose of showing that it ought never to have been rendered, nor will a claimant be allowed any such right." *Ansley Co.* v. *O'Byrne,* 120 *Ga.* 618, 620 (48 S. E. 228). The judgment in this case is not void as to the claimant, since no objection to it was made at the time of its rendition. The case of *Suydam* v. *Palmer,* 63 *Ga.* 547-548, does not apply.

(*b*) Since the court's lack of jurisdiction was waived by the defendant, the court had the right to proceed, regardless of the absence of the claimant, unexplained. The court therefore having jurisdiction, the question arises whether the judgment rendered, which includes both a finding on the attachment and a judgment adverse to the claimant, is for that reason defective. Under proper practice, the magistrate should have rendered separate judgments: first, a judgment against the defendant in attachment with a special lien on the property levied upon, and, secondly, the claim might properly have been dismissed, or the magistrate might have proceeded, as he did, to hear evidence which authorized a judgment upon the issue raised by the claim. In a justice's court, where niceties of pleading are not required, the inclusion of the entire subject-matter of the suit in a single judgment did not render it fatally defective.     .   .    . . . . .

2. The assignments of error not dealt with above are without substantial merit, when viewed in connection with the entire record, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed.*

DECIDED JULY 30, 1915.

Certiorari; from Worth superior court—Judge Cox. May 6, 1914.

*Claude Payton,* for plaintiff in error. *J. H. Tipton,* contra.