### 7344.  BATTLE v. DeLOACH.

HODGES, J.  1. The rights of an innocent purchaser for value are not affected by the mere filing of a conditional bill of sale with a reservation of title to the property purchased without notice. The law requires that such a bill of sale shall be actually recorded, in order to effect notice to one purchasing in good faith; and the filing with the clerk of such an instrument is not a compliance with the law. Civil Code of 1910, § 3319. "Where personal property is sold, with the condition affixed to the sale that title is to remain in the vendor until the purchase-money is paid, the reservation of title must be in writing and recorded within thirty days from the date of its execution, in order to be valid against a third person, who, without actual notice of the reservation of title, parts with money or other thing of value upon the faith of the vendee's apparent unconditional ownership of the property, and in consideration therefor receives from the vendee a bill of sale to the property to secure the debt, and records it in the manner prescribed by law." Tremere v. Barfield, 12 Ga. App. 774.*

2. No error of law was committed, and the verdict is authorized by the evidence.                                              Judgment affirmed.
                      DECIDED SEPTEMBER 15, 1916.

Levy and claim; from city court of Brunswick—Judge Krauss. February 14, 1916.

Max Isaac, for plaintiff in error.  C. L. Cowart, contra.
*Compare Blakely Artesian Ice Co. v. Clarke, 13 Ga. App. 574 (4), 578.