## COLLIER *v.* FORMAN.

1. Where one executes a deed of conveyance to secure the payment of a loan, taking from the lender a bond for reconveyance upon payment of the debt, which is represented by promissory notes containing provisions for the payment of attorney's fees, etc., and subsequently the bond for title is transferred to a third party, and the debt to secure which the deed is executed is reduced to judgment, and a fi. fa. is issued thereon and levied on the land, the transferee of the bond for title, as against the levy, cannot defeat the enforcement of the fi. fa. by filing a claim to the land.

2. The fact that the judgment upon which the execution is based was rendered in a county other than that of the residence of the defendant in fi. fa. does not render the judgment nor the fi. fa. void, the defendant in fi. fa. having waived jurisdiction. Nor is the fi. fa. void as against

the claimant in this case, as none of his rights were prejudiced thereby.
                No. 3961. SEPTEMBER 20, 1924.

Complaint for land. Before Judge Littlejohn. Sumter superior court. June 19, 1923.

A fi. fa. in favor of George M. Forman, issued from the city court of Atlanta, was levied upon a certain described tract of land as the property of George Waddell. J. C. Collier interposed his claim to the property. Under an agreed statement of facts the case was submitted, without the intervention of a jury, to the court for determination. The court adjudged the land subject to the levy, and ordered the fi. fa. to proceed. The agreed statement of facts in substance was as follows: George H. Waddell was the owner of 273 acres of land in Sumter County. On November 10, 1913, he borrowed of George M. Forman, $4,000, and to secure the loan he executed and delivered to Forman a deed with complete warranty of title. Forman executed and delivered to Waddell a bond for title. This bond for title was transferred by Waddell to J. C. Collier at the time the deed hereinafter mentioned was executed, and is now held by Collier. Waddell sold the land to Collier, and executed a deed, a portion of the consideration of this sale being the assumption of the loan made by Forman. On October 27, 1914, this deed was properly recorded. Collier went into possession under said bond and on the delivery of said deed, and has been in possession since. He did not sign the notes or any other obligation to Forman. All principal and interest notes due to Forman were paid by Collier after his purchase, up to and including November 10, 1917. Since that date Collier has not paid either of the maturing principal or the interest notes. All of the principal and interest notes as originally made would not mature until November 10, 1923; but each of said principal notes provides that if default is made in the payment of the interest when due, then the principal will become due, at the option of the holder, on the date of such default, regardless of the date of maturity. On January 2, 1918, Collier proposed to Forman to pay the entire loan, which Forman declined to accept, as all the notes were not due, without the payment of a bonus. On August 24, 1921, Forman agreed to accept full payment of the loan without a bonus, if paid at that time. During the year 1921 Forman wrote Collier several letters advising him that the loan would be

foreclosed unless he paid up the past-due principal and interest notes. On August 15, 1921, W. W. Dykes, attorney for Forman, wrote to Collier, advising him that he had the papers for suit, and that the loan would be foreclosed if he did not pay the several principal and interest notes that were past due. Collier received all of said letters, and did not pay the amounts due. Waddell was the only person who signed the notes to Forman. On January 10, 1922, Waddell was served with written notice, for the purpose of collecting attorney's fees, that suit would be filed against him, returnable to the March term, 1922, of the city court of Atlanta, in favor of Forman on all of the unpaid notes. This notice also stated that the interest on all the notes had not been paid for several years, and that Forman had elected to exercise the option to declare the unmatured principal notes due. At the time of the service of said notice Waddell was a resident of Fulton County. On February 11, 1922, suit was filed in the city court of Atlanta against Waddell on said notes. Collier was not a party to said suit, nor had notice of its pending. A few days before the date of the filing of said suit Waddell moved his residence from Fulton County to Douglas County. On February 18, 1922, he acknowledged service of said suit, as follows: "Due and legal service of the within writ and process is hereby acknowledged. As I was a resident of Fulton County at the time of receiving notice that the suit would be filed, I hereby consent to the jurisdiction of the city court of Atlanta, in Fulton County, of this case, and waive any right I have to the jurisdiction of said case, and agree that same may be heard and determined by the city court of Atlanta, in which court it has been filed. All other and further service and notice waived. February 18, 1922." Waddell did not file any defense to said suit, and did not appear at the trial. On March 7, 1922, during the March term of the city court of Atlanta, a verdict of a regularly empaneled jury was rendered in favor of Forman against Waddell, and on the same day a judgment was signed by the judge of said court and the attorney for plaintiff, which was entered, and execution for the several sums of principal, interest, attorney's fees, and costs was issued. After the date of the execution, a deed was executed and filed in escrow with the clerk of Sumter superior court, reconveying the land to Waddell. The sheriff of Sumter County then levied the execution on said

land, and advertised the land for sale; and Collier filed his claim.

*J. E. D. Shipp* and *James W. Smith,* for plaintiff in error.

*W. W. Dykes,* contra.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court properly decided the case and adjudged the land to be subject. It is insisted by plaintiff in error, that the court from which the fi. fa. issued did not get jurisdiction of the defendant in fi. fa. in this case, so as to affect the rights of the claimant; that while a waiver upon the part of Waddell might estop him from asserting the invalidity of the fi. fa., it could not estop this claimant. And in support of this contention section 5663 of the Civil Code is appealed to. That section reads as follows: "Parties, by consent express or implied, cannot give jurisdiction to the court as to the person or subject-matter of the suit. It may, however, be waived, so far as the rights of the parties are concerned, but not so as to prejudice third persons." And it is insisted that the claimant in this case is a third person and protected by the provision in the statute quoted that the rights of third persons shall not be prejudiced. We are of the opinion that none of the rights of the claimant were prejudiced by the waiver made by Waddell which gave jurisdiction to the court issuing the fi. fa. That Waddell had any defense against the note is not suggested. Nor does a case like this fall within the ruling in any one of that class of cases where it was held that the waiver of jurisdiction prejudiced the rights of innocent third parties. In the case of *Charles* v. *Pitts,* 16 *Ga. App.* 617 (85 S. E. 939), it was said: "Jurisdiction being waived as to person and the subject-matter, as between the plaintiff and the defendant, a valid judgment was rendered. Thereafter the defendant himself could make no objection for lack of jurisdiction, and the claimant could not make an attack on the judgment except upon some ground which could at that time be urged by the defendant. 'A defendant who has had his day in court cannot go behind the judgment for the purpose of showing that it ought never to have been rendered, nor will a claimant be allowed any such right.' *Ansley Co.* v. *O'Byrne,* 120 *Ga.* 618, 620 (48 S. E. 228). The judgment in this case is not void as to the claimant, since no objection to it was made at the time of its rendition. The case of *Suydam* v. *Palmer,* 63 *Ga.* 547-548, does not apply." The fact that the claimant in this

case purchased the property at a time prior to the rendition of the judgment does not affect the principle ruled; for he purchased it subsequently to the creation of the debt upon the part of Waddell, the former owner of the property, who had executed a security deed conveying the property to Forman to secure the payment of the very debt represented by this fi. fa. and the judgment upon which it is based. The claimant here knew the debt was outstanding, knew that it was a valid debt,—in fact, had assumed the payment of it, and, under all the facts and circumstances, has no standing in a court to resist the payment of the debt. Moreover, if for any reason the court was without jurisdiction to render the judgment, so as to affect the rights of this claimant, he should have made a motion to dismiss the levy, instead of insisting on a verdict in his favor. He was not under any circumstances entitled to a verdict. But he did not make a motion to dismiss; and in this respect the case differs from that of *Suydam* v. *Palmer,* 63 *Ga.* 546, which the plaintiff in error cites as a case on all-fours with this.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., dissenting.*

RUSSELL, C. J. It appears that the defendant in fi. fa., who had previously been a resident of Fulton County, acknowledged service of a copy of the petition, and waived the jurisdiction after he had become a resident of Douglas County, in the following language: "I hereby consent to the jurisdiction of the city court of Atlanta, in Fulton County, of this case, and waive any right I have to the jurisdiction of said case, and agree that the same may be heard and determined by the city court of Atlanta, in which court it has been filed." Does this waiver on the part of the defendant in fi. fa. preclude or prevent the claimant from asserting in support of his claim that the waiver by Waddell, the defendant in fi. fa., was ineffectual to confer jurisdiction upon the city court of Atlanta because his rights as a third person were thereby injuriously affected? Section 5663 of the Civil Code declares: "Parties, by consent express or implied, cannot give jurisdiction to the court as to the person or subject-matter of the suit. It may, however, be waived, so far as the rights of the parties are concerned, but not so as to prejudice third persons." The claimant insists that he is a third person and protected by the provision

that while the defendant may waive the jurisdiction he cannot do
this to the prejudice of third persons. It appears from the agreed
statement of facts as well as from the fi. fa. issued from the city
court of Atlanta, which is in the record, that the judgment con-
tained an item of $425.61 for attorney's fees, besides the amounts
for principal, interest, and costs which were recovered against the
defendant. By the passage of what was known as the "Twitty
bill" in 1890 (Acts 1890-91, p. 221), obligations to pay attorney's
fees upon any note or other evidence of indebtedness were out-
lawed and declared void, and it was declared that "no court shall
have power to enforce such contract and agreement to pay such
attorney's fees, unless a plea or pleas be filed by the defendant and
not sustained." This act was later amended in 1900 (Acts 1900,
p. 53), by striking out the words, "have power to," in the sixth
line of the act, and striking the provision as to the plea being not
sustained, and inserting in lieu the words, "unless the debtor
shall fail to pay such debt on or before the return day of the court
to which suit is brought for the collection of the same." The effect
of the judgment of the lower court is to permit the defendant in
fi. fa., by the waiver of jurisdiction as to himself, to force the
claimant to pay attorney's fees of more than $400 besides the
principal and interest due upon the debt which he had assumed.

In *Central Bank of Georgia* v. *Gibson*, 11 *Ga.* 453, the court
held that "A judgment rendered by a court not having jurisdiction
of the person or subject-matter is void, and may be impeached
whenever and wherever it is sought to be used as a valid judgment."
In the fourth headnote the court ruled: "Consent cannot confer
jurisdiction on a court which it does not possess by law, and a
judgment rendered against an individual by a court without juris-
diction, when the want of jurisdiction has been waived by the de-
fendant, is void as to third person." In delivering the opinion of
the court Judge Nisbet said: "This judgment was rendered against
the Central Bank by the superior court of Muscogee County, and
the question is this, to wit: had that court jurisdiction over the
Central Bank in that county? By the constitution of the State,
*all civil cases* shall be tried in the county wherein the defendant
resides. . . Except in the cases provided for in the constitu-
tion and in equity cases, a citizen cannot be called to answer to
a suit in any county of the State other than that of his residence.

Anywhere else, jurisdiction over his person is denied to the courts by the constitution. Does this constitutional provision apply to the Central Bank of Georgia? It is claimed to apply only to natural persons. The reading of the constitution is wholly free from ambiguity. It has no reference to the character of the person, but refers to *cases.* The declaration of the fundamental law is, that *all civil cases* shall be tried in the county where the defendant resides. This was a *civil case.* . . In this case the director of the Central Bank waived the want of jurisdiction in Muscogee, and appeared and pleaded to the action upon the merits, making no objection to the jurisdiction. The case is not thereby altered. The waiver and pleading to the merits cannot give jurisdiction, when it is not given by law. Much less can they confer jurisdiction in a case where it is prohibited by law—by the fundamental law. The right of being sued in the county of his residence is a privilege guaranteed by the constitution to the defendant. But this is not all; it is founded in a policy which has reference to the rights of every citizen. Every citizen is interested to know what suits have been instituted against others—what liens have been created by judgments. It is his right to know these things by an inspection of the record. To protect this right there ought to be a fixed locality for the record. He ought not to be driven to search the records of every county in the State. With good reason, therefore, aside from the convenience of the defendant, the law requires civil suits to be tried where he resides. To permit waivers expressly made, or implied from appearance, to confer jurisdiction, would be to defeat the policy of the constitution. . . There are cases where the court has jurisdiction of the person and the subject-matter by law, and the defendant has some privilege which exempts him from the jurisdiction, in which he may waive his privilege. So a citizen of a foreign State may come into a court of Georgia entertaining jurisdiction rightfully by our own laws, and waive his exemption from the jurisdiction, as a citizen of another sovereignty, and so doing will be bound by the judgment. Such cases depend upon principles very different from those which control the case before me. In the case of *The Georgia Railroad and Banking Co.* v. *Harris et al.* we held that a judgment obtained by consent, in a county other than that of the defendant's residence, would be set aside in favor of a junior judgment creditor."

Under the reasoning just quoted, as well as the provision of the code which provides that a waiver of jurisdiction by a defendant may confer jurisdiction as to him, but is void if it prejudices the rights of third persons, we are constrained to hold that the trial judge erred in finding against the claimant. The principle laid down in the *Gibson* case, that "To permit waivers expressly made, or implied from appearance, to confer jurisdiction, would be to defeat the policy of the constitution" so far as the rights of third persons are concerned, has been adhered to throughout the history of this court. The third persons mentioned in the code section have been held to include junior judgment holders, and all creditors.

In *Georgia Railroad & Banking Co.* v. *Harris*, 5 *Ga.* 527, Judge Warner, delivering the opinion of the court, said: "It is said, this provision of the constitution was intended exclusively for the benefit of the defendant, and he may waive it. Whatever may have been the intention of the framers of the constitution it is not for us to know, beyond what they have said in clear and explicit terms. If, however, we permit the judiciary act of 1799 to be explanatory of the intention of the framers of the constitution, it will be apparent that something more was meant than a *mere privilege* to defendants. The 26th section of the judiciary act of 1799 declares, 'No confession of judgment shall hereafter be entered up, but in the county where the defendant or defendants may reside.' Prince, 427. If this clause of the constitution was intended for the benefit of defendants only, why not permit them to consent to be sued in any county in the State, and confess judgment in any county, and have the same entered up in any county, other than the residence of such defendants?

"But we are of opinion, there is at least one good and substantial reason why all civil cases should be tried in the county wherein the defendant resides, and all judgments entered up there, without regard to the convenience of such defendant. By our law, judgments create a *lien* upon the property of the defendant from their date, and it is highly important, especially to the creditors of the judgment debtor, there should be a *definite* place or locality, where such liens can be ascertained and known to exist, by all persons interested. The constitution has fixed the county of the defendant's residence as *that place*, and all judgments obtained in any county or place, other than that prescribed by the law of the land, by

any agreement, artifice, or consent of the defendant, necessarily operates as a surprise and fraud upon the rights of third persons, who must be presumed to direct their inquiries to the place of the defendant's residence, for a knowledge of such judgment liens, because the law requires such liens to be obtained *there.* As was well said by the counsel for the defendants in error, if, by *consent* of the defendant in the judgment, the fundamental law of the land can be defeated and abrogated and jurisdiction thereby conferred in any county, other than that of the defendant's residence, suits might be instituted in the County of Camden, or other remote county, judgments obtained, and the creditors of the judgment debtor, as well as all other persons interested, remain in total ignorance of the fact of such suits or judgments. By the 2nd section of the act of 1827, all mortgage deeds upon real property are required to be recorded in the county in which such real estate shall be located, and all mortgage deeds of personal property shall be recorded in the county in which the mortgagor resides at the time of the execution of the mortgage. If it is competent for the debtor, by *consent* with his creditor, to authorize a suit and judgment, in any other county than that prescribed by law, so as to create a valid lien upon the property of the debtor, as against other creditors, so it would be competent for the mortgagor, by an *agreement* with the mortgagee, to have his mortgage recorded in some distant county from that of his residence, and the mortgagee be permitted to assert the priority of his lien against subsequent mortgagees, whose mortgages had been recorded in the proper county, without any knowledge of the prior mortgage recorded in such distant county. Such a practice would, in our judgment, open the door for the perpetration of the most flagrant and intolerable frauds upon the rights of the *law-abiding* portion of our citizens, and ought not for a moment to receive the sanction of the judicial tribunals of the country. All acts and deeds, judicial as well as extrajudicial, if mixed with fraud, are void. Fermor's case, 3 Coke, 77. The want of jurisdiction is a matter that may always be set up against a judgment, when sought to be enforced, or where any benefit is claimed under it. Latham *v.* Edgerton, 9 Cowen's Rep. 229. To give any binding effect to a judgment, it is essential that the court should have jurisdiction of the *person* and of the subject-matter. Borden *v.* Fitch, 15 John. R. 141. If

a court, whether of limited jurisdiction or not, undertakes to hold cognizance of a cause, without having gained jurisdiction of the *person,* by having him before them in the manner *required by law,* the proceedings are void. Bigelow *v.* Starnes, 19 John. Rep. 40. The judgment obtained in Clark against McKinley, under the circumstances stated in the record, was a fraud upon the law, as well as his creditors, and cannot form the basis of a right to a *lien* upon the defendant's property, to the exclusion of his subsequent judgment creditors who have obtained their judgments in the manner and place prescribed by law. Jackson *v.* Jackson, 1 John. R. 431. Borden *v.* Fitch, 15 John. 146. How far this judgment might be binding on the defendant himself, we express no opinion, preferring to leave that an open question."

See also *Raney* v. *McRae,* 14 *Ga.* 589 (60 Am. D. 660); *Dix* v. *Dix,* 132 *Ga.* 632 (64 S. E. 790); *White* v. *North Georgia El. Co.,* 139 *Ga.* 587 (3) (77 S. E. 789); *Ray* v. *Hix,* 146 *Ga.* 685 (92 S. E. 48); *Suydam* v. *Palmer,* 63 *Ga.* 546; *Wheeler* v. *Martin,* 145 *Ga.* 164 (88 S. E. 951). In the case last cited the court expressly ruled that claimants may dismiss the levy of a fi. fa. obtained by waiver of jurisdiction, and held that as to the claimant the judgment obtained by a waiver of jurisdiction on the part of the defendant was ineffectual to confer jurisdiction so as to affect any rights of the claimant. The ruling in the *Suydam* case has been followed in *Knox* v. *Bates,* 79 *Ga.* 425 (5 S. E. 61); *Beach* v. *Atkinson,* 87 *Ga.* 288, 293 (13 S. E. 591); *American Grocery Co.* v. *Kennedy,* 100 *Ga.* 462 (28 S. E. 241); *Dix* v. *Dix,* supra. It is insisted by the defendant in error that the ruling in this case should be controlled by the decisions in *Ansley Co.* v. *O'Byrne,* 120 *Ga.* 618 (48 S. E. 228), and *Charles* v. *Pitts,* 16 *Ga. App.* 617 (supra). The case of *Charles* v. *Pitts* cannot be more than persuasive authority. *Ansley Co.* v. *O'Byrne,* if it must not yield to the older authority of *Suydam* v. *Palmer,* supra (since it was not even mentioned in the *Ansley* case), is easily distinguished by its facts from the case at bar, as well as the case of *Suydam* v. *Palmer,* which we think controls the case at bar. In the first place, in the *Ansley* case there was no effort whatever to prove that the defendant had not waived jurisdiction. She merely proved that Mrs. Ansley was never a resident of Fulton County and did not plead. In the case at bar the claimant estab-

lished by the agreed statement of facts that the defendant attempted to waive the jurisdiction (which he could do), and this brought it squarely within the exception with regard to affecting the rights of third persons as contained in the Code section. Judge Lamar, delivering the opinion of the court said, as to the execution; "Prima facie it was good against the defendant. It issued from a court of general jurisdiction, with all the presumptions in favor of the validity and regularity of the judgment on which the fi. fa. was based. If the defendant had filed an affidavit of illegality, it would not have been sufficient to prove, as here, that she had 'never plead.'" Upon the fact that the claimant said no more than that she had "never plead" the decision in the case was based; for, immediately following the words of the decision which we last quoted, Mr. Justice Lamar said: "It would have been necessary to show that there was no waiver of the alleged want of jurisdiction." Proceeding, he said: "Even if this negative testimony be sufficient to establish her failure to plead, it does not establish that there was no waiver, and, according to the Civil Code, § 5079 [§ 5663, Code of 1910], while one cannot give jurisdiction, it may be waived so far as the parties themselves are concerned. If, therefore, Mrs. Ansley waived any want of jurisdiction in Fulton superior court, the judgment therein was valid against her. The claimant could not attack the execution on grounds which the defendant in fi. fa. could not then have made. In allowing it to proceed, the rights of third persons were not affected. If the land was in fact her property, the claimant was not injured." It clearly appears that the *Ansley* case is distinguished from the case at bar as well as from the decisions which have been cited, including the *Suydam* case, supra, in the fact that in the *Ansley* case the claimant bought after the rendition of the judgment, after the lien had attached, and of course, therefore, had no rights to be affected at the time that the judgment upon which the fi. fa. was proceeding was issued; for Mr. Justice Lamar said: "If it had been sold by the defendant to the claimant after the rendition of the judgment, and the lien had attached, the claimant took subject thereto, and could not complain if the fi. fa. was allowed to proceed. If the claimant had a title older than the lien, or one derived from another source, on proof of that fact the verdict should have been not subject." In the *Ansley* case, the C. C.

Ansley Company as claimant held title under Mrs. Leah J. Ansley, and the claimant attempted to take advantage merely of the fact that the execution issued against "Leah J. Ansley of Lee County" by proof of the fact that Leah J. Ansley had never lived in Fulton County where the judgment was rendered; and this court held that for several reasons this proof was insufficient to show that the title which the Ansley Company had bought from Mrs. Ansley was superior to a prior judgment against Mrs. Ansley, apparently regular upon its face, which had been rendered in Fulton County. Aside from the reasons suggested by the court in its opinion, the evidence offered was clearly insufficient to support the title of the claimant, even though it was true that Mrs. Ansley never lived in Fulton County. It appears from the original record in the *Ansley* case that under a petition to which all the borrowers were made parties, and J. A. Anderson and M. A. O'Byrne were appointed receivers for the Southern Mutual Building and Loan Association, the judgment was obtained against Mrs. Ansley as a borrower. The situs of the suit was Fulton County. The cause was in equity. There were hundreds of debtors living in various portions of the State. It was perfectly competent for the superior court of Fulton County to obtain jurisdiction upon Mrs. Ansley and all other persons living in any county in Georgia by an order making them parties and the service of a second original upon each of them. There is nothing in the record to show that this was not done. Presumably this was done, and a second original served upon Mrs. Ansley. She did not deny that she was served in this manner. She only said that she had never lived in Fulton County and that she had "never plead." Upon these facts the *Ansley* case was properly decided, but the question here presented in the case at bar was not adjudicated. Consequently nothing here ruled conflicts in any way with the ruling in the *Ansley* case, and it is not authority which would authorize the affirmance of the judgment of the lower court, as insisted by the defendant in error.

ATKINSON, J. The judgment excepted to adjudged the property subject and ordered the fi. fa. to proceed. The fi. fa. of the plaintiff was based on a judgment against the maker of a security deed, to whom a bond to reconvey had been executed. The claimant was a transferee of the bond for title and in possession of the land before institution of the suit on the purchase-money notes.

He was not a party to the suit. The suit was brought in a county other than that in which the maker of the notes resided. The defendant, who was maker of the notes, waived the jurisdiction, and the judgment was rendered against him as indicated above. The entire judgment was void as to the transferee of the bond for title, because as to him the defendant could not waive the jurisdiction. The judgment finding the property subject should be reversed. But under the provisions of the Civil Code, §§ 6205, 6216, conferring broad powers upon the Supreme Court, it would be proper in this case to give direction that the judgment of the trial court, upon which error is assigned, should not operate to the prejudice of any of the parties in any other suit by the plaintiff for the recovery of the debt or enforcement thereof against the property in the proper jurisdiction.