16514.   GUNNIN *v.* CARTER.

STEPHENS, J.   1. The record of an instrument in the office of the clerk of the superior court constitutes no constructive notice of any part of its contents omitted from record, where there is nothing in it, as it appears of record, to indicate such omission or to put a prudent man upon notice of facts which the part of the instrument omitted from the record

might disclose. Thus, where such a record shows a promissory note for the purchase-money of described personalty, which contains a waiver of homestead and an obligation to pay attorney's fees, but no reservation of title to the property in the seller, such record does not constitute constructive notice of a provision in the original note, of which the record purports to be a copy, retaining title to the property in the seller, which provision retaining title has been omitted from the record.

2. Nor did the filing for record of the original note constitute any constructive notice of its contents. *Battle* v. *DeLoach,* 18 *Ga. App.* 526 (89 S. E. 1050).

3. Since the validity of a judgment against a defendant in execution can be successfully attacked by a claimant of the property levied upon only upon such ground as could be urged by the defendant in fi. fa., the claimant can not attack a judgment, regularly entered after the appearance of the defendant, upon the ground that at the time of its rendition the court in which it was rendered did not have jurisdiction of the person of the defendant. See, in this connection, *Ansley Co.* v. *O'Byrne,* 120 *Ga.* 618 (48 S. E. 228).

4. Where personal property in possession of a defendant in execution was levied upon and a claim filed thereto by one who had sold the property to the defendant in execution and had not been paid therefor, and where there was no question of actual notice, the court did not, under an application of the above rulings to the undisputed facts, err in directing a verdict for the plaintiff in execution.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
>
> DECIDED JANUARY 14, 1926.

Levy and claim; from Paulding superior court—Judge Irwin. March 14, 1925.

*Mozley & Gann,* for plaintiff in error.
*Gordon M. Combs,* contra.