20125. GEORGIA CREOSOTING COMPANY *v.* MOODY *et al.*

702

Decided July 21, 1930.

R. D. Meader, for plaintiff in error.   J. P. Highsmith, contra.

Bell, J.   Isaac Moody and Jake Moody filed in the superior court of Appling County a suit against Mrs. Eliza Moody, Ledley A. Johnson, Georgia Creosoting Company, Bob Cummings, and G. D. Snider.   The plaintiffs obtained a verdict and judgment against the three last-named defendants in the sum of $200, upon which an execution was issued.   To a levy upon its property Georgia Creosoting Company filed an affidavit of illegality, which the court struck for insufficiency, on motion of the plaintiffs, and this is the judgment complained of.   The affidavit alleged that the execution was proceeding illegally for the following reasons: "That at the time the petition on which said judgment was rendered was filed and at the time service thereof was made on said Georgia Creosoting Company, on said Bob Cummings, on said G. D. Snider, and on the other defendants named therein, to wit: Mrs. Eliza Moody and Ledley A. Johnson, said Georgia Creosoting Company did not have an office or place of business or an agent in said Appling County, was not a resident of said county, was not domiciled in said county, that neither said Bob Cummings nor said G. D. Snider were residents of or domiciled in said county, and that neither the said Bob Cummings nor the said G. D. Snider nor the other defendants named in said petition, to wit, Mrs. Eliza Moody and said Ledley A. Johnson were necessary or proper parties to said suit or petition; that said Georgia Creosoting Company entered no [?] nor did it make or file any pleading to said petition in said superior court of Appling County; that said superior court had no jurisdiction in said case, or on said petition, of or against said Georgia Creosoting Company, either to hear said case or to render judgment against it, but such jurisdiction was at all said times vested in the superior court of Glynn County, Georgia and that said judgment is null and void, so far as said Georgia Creosoting Company is concerned, because of said lack of jurisdiction, and said execution is proceeding illegally because said judg-

ment is null and void, and said execution is null and void because said judgment is null and void."

The court did not err in striking the affidavit of illegality. The pleadings in a case of this sort are the fi. fa. and the affidavit, and the court could not properly take judicial cognizance of the pleadings in the original case. *James* v. *Cooledge,* 129 *Ga.* 860 (60 S. E. 182) ; *Thompson* v. *Fain,* 139 *Ga.* 310 (77 S. E. 166). The allegations of fact contained in the affidavit of illegality are to be taken as true upon a mere motion to strike, in the nature of a general demurrer (*Bolton* v. *Keys,* 38 *Ga. App.* 573, 577, 144 S. E. 406) ; but even so, the facts pleaded were insufficient to show the invalidity of the judgment, for want of jurisdiction. Every presumption is to be indulged to sustain the validity of the judgment. *Jossey* v. *Brown,* 119 *Ga.* 758 (15) (47 S. E. 350) ; *Milner* v. *Neel,* 114 *Ga.* 118 (39 S. E. 890). Jurisdiction of the person may be waived as between the parties, and this may be done in connection with an acknowledgment of service. *Smith* v. *Woolard,* 147 *Ga.* 58 (2) (92 S. E. 867) ; *Collier* v. *Forman,* 158 *Ga.* 768 (2) (124 S. E. 710). The affidavit here was insufficient in failing to negative such a waiver. *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (48 S. E. 25) ; *Cobb* v. *Pitman,* 49 *Ga.* 578; *LeMaster* v. *Orr,* 101 *Ga.* 762 (29 S. E. 32) ; *Phillips* v. *Bond,* 132 *Ga.* 413 (64 S. E. 456) ; *Warwick Gin & Cotton Co.* v. *Continental Gin Co.,* 143 *Ga.* 508 (2) (85 S. E. 700) ; *Wheeler* v. *Martin,* 145 *Ga.* 164 (2 *a*) (88 S. E. 951).

Moreover, in view of the presumption as to the validity of the judgment, the allegation that the other defendants named in the petition, to wit, Mrs. Eliza Moody and Ledley A. Johnson, were not "necessary or proper parties to said suit or petition," was a mere conclusion of the pleader. It is not alleged why these defendants were not necessary or proper parties. It is conceivable that the superior court of Appling County could have had jurisdiction of an equitable case against these two defendants, as residents of that county, and Georgia Creosoting Company as a resident of Glynn county, granting equitable relief against all of them, with also a money judgment against the creosoting company. Civil Code (1910), §§ 4522, 6540; *Mays* v. *Taylor,* 7 *Ga.* 238 (3) ; *De-Lacy* v. *Hurst,* 83 *Ga.* 223 (6) (9 S. E. 1052) ; *Kruger* v. *Walker,* 111 *Ga.* 383 (5) (36 S. E. 794) ; *Eagan* v. *Conway,* 115 *Ga.* 130 (3) (41 S. E. 493) ; *Hines* v. *Wilson,* 164 *Ga.* 888 (4) (139 S. E.

802). The affidavit does not allege that Mrs. Moody and Johnson were not residents of Appling County. If jurisdiction over the creosoting company depended entirely upon the fact that Mrs. Moody and Johnson, as residents of Appling County, were proper and necessary parties) and this is to exclude all reference to the other two defendants), the presumption is that the court would not have proceeded to judgment unless such essential to jurisdiction was made to appear; and this presumption would prevail over mere general allegations to the contrary, as that Mrs. Moody and Johnson were not necessary or proper parties. *Harper* v. *Lindsey,* 162 *Ga.* 44, 47 (132 S. E. 639). The present case is materially different in its facts from the case of *Townsend* v. *Brinson,* 117 *Ga.* 375 (2.) (43 S. E. 748), cited by counsel for the plaintiff in error.

While, as indicated above, our decision is without reference to the allegations in the petition upon which the judgment was based, it is observed that from the transcript the suit alleged, among other things, the commission of acts of trespass in the County of Appling by the defendant creosoting company and its employees, "including one Bob Cummings, who has no family nor fixed place of abode and who resides wherever his work takes him, and who is now domiciled in said County of Appling, and also G. D. Snider, who is a resident of the State of Illinois, now domiciled in said county." The petition also averred facts upon which the plaintiff claimed to be entitled to an injunction, and alleged that "said company has already damaged petitioners from three to seven hundred dollars." The following were included in the prayers of the petition: "That process issue directed to said Georgia Creosoting Company, said Mrs. Eliza Moody, said Ledley A. Johnson, said Bob Cummings, and said G. D. Snider, requiring them to be and appear at the next term of this court to answer this complaint. . . That they have such other and further relief as may seem reasonable and just." On the question of whether the above allegations and prayers as to the creosoting company and its employees Cummings and Snider would have been sufficient to show the jurisdiction of the court as to the creosoting company, irrespective of the case as laid against the company and Mrs. Moody and Ledley A. Johnson, see Civil Code (1910), §§ 2182, 5531, 6541; *Ellis* v. *Lamar,* 44 *Ga.* 9; *Wall* v. *Mercer,* 119 *Ga.* 346 (2) (46 S. E. 420); *Baker* v.

*Davis, 127 Ga. 649 (57 S. E. 62)* ; *Southern Ry. Co.* v. *Grizzle, 124 Ga. 735 (3) (53 S. E. 244, 110 Am. St. R. 191)* ; *Pyron* v. *Ruohs, 120 Ga. 1060 (2) (48 S. E. 434)* ; *Crawford* v. *Wilson, 142 Ga. 734 (83 S. E. 667)* ; *Cooper* v. *Oglethorpe Savings &c. Co., 147 Ga. 570 (94 S. E. 1006)* ; *Morris* v. *George, 3 Ga. App. 413 (59 S. E. 1116)* ; *Broderick* v. *Reid, 164 Ga. 474 (2) (139 S. E. 18)* ; *Eagan* v. *Conway*, and *Hines* v. *Wilson*, supra.

Judgment affirmed. *Jenkins, P. J., and Stephens, J., concur.*